[Civil No. 4704. Filed May 29, 1944.]

[149 Pac. (2d) 274.]

ARIZONA GROCERY COMPANY, a Corporation, and HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Petitioners, v. FRED MEIER and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. Theodore G. McKesson, for Petitioners.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Respondents.

Mr. C. Leo Guynn, *Amicus Curiae.*

STANFORD, J.—This is an accident that resulted in hernia to the respondent, Fred Meier. The accident, which is the subject of this action, occurred on or about the 13th day of July, 1942, and on said date while he was loading meat at the Arizona Grocery warehouse, and while carrying heavy cases onto the truck, Meier slipped and strained himself. He felt a pain in the region of the groin but never thought much about it and continued to work that day. There was some swelling that night and the next day but he didn't know what it was. Meier stated that about a

week after that he told his foreman, A. G. Bacon, about the incident. Bacon testified, when asked how long a time had elapsed before Meier told him, "it might have been a week or ten days, or maybe two or three days." Of Meier's own accord he purchased a truss of the Southwest Surgical Supply Company in Phoenix, and wore the same for about two weeks and then purchased another one from the Arizona Brace Shop, and it seems as though a statement for the second purchase was dated August 5, 1942.

The records before us show that a report of hernia was made to the Industrial Commission of Arizona by a typewritten report. The report was dated the 13th day of July, 1943. In that report, however, there was a statement under "Remarks" by Meier to the effect: "I finally decided that it was something that should be looked after and so I went to Dr. Kober on July 6th, 1943. I kept working because most of the time the trouble was not very painful. I tried to wear a truss and that made it hurt and so I quit wearing or trying to wear a truss. I bought two trusses with my own money."

The Industrial Commission, after hearings, entered its award and findings for Meier, and after denial of rehearing filed by petitioners herein, the case has been brought to us on a writ of *certiorari*.

It is the contention of the petitioner herein that some where around the 9th, 10th, or thereabouts, in July, 1942, respondent Fred Meier sustained the injury complained of but that he made no report to his company nor to a physician nor did he file a claim with the Industrial Commission for a period of more than one year thereafter.

It would seem from the facts in the case that more than a year had elapsed from the time of the injury until the claim was filed or a doctor was consulted on the subject. The respondent Meier, however, did some

few days after the injury report to his foreman, A. C. Bacon, and Bacon testified that he failed to turn in the report to his company.

This is a case where Meier continued to work, and still continues to work, for the petitioner and from a statement from counsel on both sides in open court he has proved to be an excellent employee and evidently his services are well liked. It is the claim of Meier that he failed to report the injury because it was minor. He testified at the time he slipped, the slipping caused the injury while he was carrying a load, that something had occurred to him but did not consider it at all serious, and later on bought a truss, and thereafter bought two more with his own means, and it was not until July 6, 1943, according to the claim that he filed with the Industrial Commission, that he went to Dr. Kober and reported his accident and gave information concerning same. He went to the Industrial Commission on July 13, 1943, and filed a workman's claim for compensation and in that claim for compensation it was stated the date injury was sustained as about January 15, 1943.

It is evident to us that Meier was injured in July, 1942, and we can see no justification for the report of the Industrial Commission that he was injured in 1943. A close examination of the typewritten copy of that report, however, discloses that there was an erasure and very likely there was some confusion and there was inserted January 15, 1943 under the heading of ''Date of Injury.''

It is our holding in keeping with our statute that from the friendliness that existed between the employer and employee in this case, and the evident endeavor of the employee to keep on working and not report an injury unless it was really necessary, that such good faith was shown that it was within the province of the Industrial Commission of Arizona to

invoke the statute of our state, Section 56-966, 1939, wherein it, in part, says:

"Whenever an accident occurs to an employee, the employee shall forthwith report such accident and the injury resulting therefrom to the employer, and any physician employed by such injured employee shall forthwith report such accident and the injury resulting therefrom to the employer and to the commission. . . . but the commission may relieve said injured person or his dependents from such loss or forfeiture of compensation, if it believes after investigation, that the circumstances attending the failure on the part of the employee, or of his physician, to report said accident and injury are such as to have excused the said employee and his physician for such failure to so report."

The foregoing is in keeping with the case of *Maryland Casualty Co.* v. *Industrial Commission,* 33 Ariz. 490, 266 Pac. 11, and also with the case of *Hartford Accident, etc., Co.* v. *Industrial Commission,* 43 Ariz. 50, 29 Pac. (2d) 142, 144. In the latter case a period from April 29, 1931 until May 11, 1933 elapsed between the date of injury and the date when the injured person filed his report and claim for compensation. And from that case we quote the following:

"Petitioner urges that in *Zagar* v. *Industrial Comm.,* 40 Ariz. 479, 14 Pac. (2d) 472, and in *Doby* v. *Miami Trust Co.,* 40 Ariz. 490, 14 Pac. (2d) 476, this court construed section 1447, *supra,* as requiring the workman to file his claim with the Industrial Commission one year after the injury. In both of those cases the question was as to when an application for an increase or re-arrangement of compensation should be made, and any language used in those cases must be viewed in that light. What we said in those cases, however, in nowise conflicts with the construction of that section that we now adopt. We still hold that the claim must be filed within one year after the date of the injury if the injury is of sufficient magnitude to be compensable. But, if it is slight or trivial at

the time and noncompensable and later on develops unexpected results for which the employee could not have been expected to make a claim and receive compensation, then the statute runs, not from the date of the accident, but from the date the results of the injury became manifest and compensable. . . . ''

The brief of *amicus curiae* filed by Mr. C. Leo Guynn has given us a very exhaustive treatise on the mechanics of inguinal hernia, and while it has no assignment of error, it does present several propositions of law for which we are duly grateful.

We hold that this case was not of sufficient magnitude at its inception to be compensable. That as shown by the respondent in carrying on his work, the injury was at first slight or trivial and not then compensable, but that later he could see that it was important that he report it and file his claim for compensation.

We find that petitioners herein have in no respects been prejudiced by the delays in this action, and in all respects we find and hold that the Industrial Commission of Arizona, in performance of its statutory duties, has been just and fair in its award herein.

The award is affirmed.

McALISTER, C. J., and ROSS, J., concur.