[Civil No. 4791.   Filed October 8, 1945.]

[162 Pac. (2d) 425.]

CONSOLIDATED VULTEE AIRCRAFT CORPORATION and EAGLE INDEMNITY COMPANY, Petitioners, v. WYLLYS P. SMITH and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. C. Leo Guynn, for Petitioners.

Mr. John R. Franks, and Mr. H. S. McCluskey of Counsel, for Respondents.

MORGAN, J.—Respondent (applicant) Smith was an employee of petitioner Consolidated Vultee Aircraft Corporation which was insured against liability, pursuant to the provisions of the Workmen's Compensation Law, by its copetitioner Eagle Indemnity Company.

About 8 o'clock on the morning of April 3, 1944 applicant was descending from the "nose-hole opening," four feet by four feet in dimensions, of a B-24 bomber. In letting himself down, his foot missed the wheel used for support and he dropped down suddenly a short distance. He noticed an acute pain in his left groin, so severe that he was compelled to crawl out of the ship and sit down for approximately three-quarters of an hour. He thought it to be a gas pain, and did not go for first aid. The condition continued to bother him from that time on. He resumed work, however, without mentioning his pain or discomfort to his foreman, and continued to do his usual work. About May 9, he told a fellow employee that he had been suffering pain in his lower abdomen. On May 15, while working at a bench adjusting radio receivers weighing about 45 pounds each, which he had to lift up and down from the bench, he stooped over to lift one of them down. In the act of lifting, he felt a severe pain in his lower left groin, similar to the one suffered April 3, but a great deal more severe. He made no report to first aid, and did not communicate the occurrence to his foreman

or to any one in authority. That night he noticed a lump in his left groin. On May 17 he told another fellow employee that he wasn't feeling well and was going to take off. He did not mention in this conversation or the prior conversation with the former employee that his abdominal pains were due to an injury by accident.

On May 19 applicant was examined by his family doctor to whom he disclosed, in substance, the incidents above mentioned. This examination disclosed the presence of a left inguinal hernia. An operation was performed on May 21. Prior to this operation, and on May 20, he made a trip to the Consolidated Vultee plant, checked his tools, and talked to his foreman, stating that he would need a leave of absence for the operation and convalescence, but did not mention any injury. Applicant returned to work on July 5, and for the first time reported to his foreman the incidents of April 3 and May 15.

The employer's report was then filed with the Industrial Commission. The commission at first denied compensation, but later, on rehearing, entered an award for accident benefits covering the period of disablement, including medical benefits.

Petitioners have appealed, and contest the award on two grounds: First, that the applicant's proof wholly failed to disclose that the hernia suffered by him was compensable under the provisions of Section 56–959(b), Arizona Code Annotated 1939; second, that the commission could not legally excuse the failure of the applicant to report forthwith to the employer where the employer's rights are prejudiced by his failure to report.

The hernia involved in this action is of the class mentioned in Subdiv. (b) of Sec. 56–959, *supra*. We have reviewed the evidence in the case, and in our opinion the commission was justified in finding the

existence of the first three elements mentioned in the section which must constitute the basis of compensability. The immediate cause, from the testimony, appears to have been a severe strain received in the course of employment. It seems obvious that the descent of the hernia occurred at least immediately following the incident of May 15, since the doctor's examination three days later disclosed the presence of the hernia. It is admitted that the strain was accompanied by severe pain in the hernial region, both on April 3 and May 15.

This court has had occasion to review a similar hernia case. In *Arizona Grocery Co.* v. *Meier,* 61 Ariz. 317, 149 Pac. (2d) 274, the applicant, while loading meat, slipped and strained himself. He felt a pain in the region of the groin but did not think much about it, and continued to work. He appears to have advised no one of the strain and pain until a week or ten days thereafter. The award in his behalf was upheld by this court. In that case we did not in terms say what meaning should be given to the word "immediately" as used in the statute, either in reference to the descent of the hernia or the communication made to others.

▉▉ In so far as the descent of the hernia is concerned, and taking into consideration that the descent was evidently the effect of two causes, that of the drop of April 3 and the lifting of May 15, we are satisfied that the proof, as a matter of law, disclosed that the hernia, immediately followed the cause. On the evening of May 15, the applicant noticed the protrusion in his groin. Within a few days medical examination disclosed this to be a hernia. We think the statute means simply that the hernia descended soon enough and in such a manner as to make it appear clear that the descent was the effect of the strain and pain complained of which forced the applicant to abandon his work after May 15. *Frank A. McBride Co., Inc.,* v. *Kuehn,* 168 Atl. 64, 11 N. J. Misc. 764. The phrase "descent of the

hernia occurred immediately following the cause" is given a liberal construction in favor of the injured workman. *Maryland Casualty Co.* v. *Robinson,* 149 Va. 307, 141 S. E. 225; *Ussery* v. *Erlanger Cotton Mills,* 201 N. C. 688, 161 S. E. 307; 71 C. J. 621, Sec. 373, Workmen's Compensation Acts.

We have repeatedly held that the Workmen's Compensation Law and its various provisions are to be construed liberally in favor of the injured workman. *Kay* v. *Hillside Mines, Inc.,* 54 Ariz. 36, 91 Pac. (2d) 867.

There was no immediate communication by applicant of the incident of April 3. The record discloses that nothing was said by him until about May 9 when he complained to a fellow workman of abdominal pain. However, it appears that within a day or two after the strain caused by the lifting on May 15 and the pain he suffered at that time, applicant contacted his doctor and communicated to a fellow workman that he was suffering from a pain in the groin or abdomen. The record would justify the commission in finding that on May 19 he advised his doctor of the incidents of April 3 and May 15. The question is, Does this evidence comply with the statute which provides that the facts of the strain, the severe pain in the hernial region, and the descent of the hernia shall be "communicated immediately to one or more persons"? In Black's Law Dict., 3d Ed., page 919, the word "immediately" is defined as follows:

" 'It is impossible to lay down any hard and fast rule as to what is the meaning of the word "immediately" in all cases. The words "forthwith" and "immediately" have the same meaning. They are stronger than the expression "within a reasonable time," and imply prompt, vigorous action, without any delay, and whether there has been such action is a question of fact, having regard to the circumstances of the particular case.' "

In *Howell* v. *Gaddis,* 31 N. J. L. 313, it was said:

"The word 'immediately' does not, in legal proceedings, necessarily import the exclusion of any interval of time. It is a word of no very definite signification, and it is much in subjection to its grammatical connections."

For all practical purposes, in dealing with the word "immediately," as used in statutes and in agreements, the courts have construed the term as meaning within a reasonable time, taking into consideration all of the facts and circumstances of the particular transaction. Vol. 20 Words and Phrases, Perm. Ed., "Immediately."

■ The commission is the fact-finding body. It had the opportunity to see and hear the witnesses. It was for the commission to determine whether, under all the facts and circumstances, compliance was made with the fourth ground of the statute. The evidence taken in its most favorable light would justify a finding that the communication was made in conformity with the law.

■ This court has repeatedly passed upon the question raised by petitioners' second ground: The failure of the applicant to report the accident and injury forthwith, and the right of the commission to excuse such failure to so report as provided in Section 56–966, Arizona Code Annotated 1939. We can add nothing to what has already been said in *Maryland Casualty Co.* v. *Industrial Comm.,* 33 Ariz. 490, 266 Pac. 11; *Hartford Accident, etc., Co.* v. *Industrial Comm.,* 43 Ariz. 50, 29 Pac. (2d) 142; *Paramount Pictures, Inc.,* v. *Industrial Comm.,* 56 Ariz. 217, 106 Pac. (2d) 1024; and *Arizona Grocery Co.* v. *Meier, supra.* In each of these cases claims similar to that here urged by petitioners were presented to this court and rejected. Upon the authority of these cases we are constrained to hold that the commission, under the evidence in this case, properly

relieved applicant of his failure to forthwith report the injury. Nor does it appear that petitioners were prejudiced by the failure of the applicant to report forthwith. *Massachusetts Bonding & Insurance Co.* v. *Arizona Concrete Co.*, 47 Ariz. 420, 56 Pac. (2d) 188.

The award is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.