237 P.2d 815

ENGLISH v. INDUSTRIAL COMMIS-
SION et al.

No. 5498.

Supreme Court of Arizona.

Nov. 19, 1951.

above the "nitre stacks" in the acid plant. Due to the inhalation of nitric oxide and sulphur dioxide fumes he became ill and was off work for eleven days. After recovery he reported to the employer's hospital and a thorough physical examination, including X-rays of the chest, was made by employer's doctors N. V. Alessi and Max Helm. They advised him he had not suffered an industrial accident and ordered him back to work. The employer, or its doctors, made no report of this accident to the industrial commission, nor did petitioner at that time file an application with it for compensation.

According to petitioner's affidavit, he thought he was suffering from tuberculosis, and returned to work, but found the fumes aggravated his condition and resigned his employment on April 30, 1945. He performed light ranch work, as his health permitted, until April 1950, when he allegedly learned for the first time that he was not suffering from tuberculosis but that his condition was due to the inhalation of gas fumes. He then on May 15, 1950 filed application with the commission for compensation.

The commission refused petitioner a formal hearing and held as a matter of law that they were without jurisdiction in the case, because he had not filed his application within the one year as required by section 56—967. A.C.A1939, which reads in part: "* * *. No application shall be valid or claim thereunder

Richey & Herring, of Tucson and Douglas, for petitioner.

H. S. McCluskey, of Phoenix, for the respondent Commission and Insurance Carrier.

Evans, Hull, Kitchel & Jenckes, and James Powers, all of Phoenix, for respondent Employer.

UDALL, Chief Justice.

This is a proceeding by certiorari to review an award of the Industrial Commission of Arizona denying claimant compensation.

Petitioner, James P. English, in April of 1945 was employed by the Phelps Dodge Corporation, as a welder, at its smelter located in Douglas, Arizona. He was assigned to work on the "roaster" platform

enforceable unless filed within one (1) year after the day upon which the injury occurred or the right thereto accrued."

There is but one question in the case and that is whether the claim was filed in time. In other words when did the right to compensation accrue? Petitioner contends that it accrues when the employee knows or by the exercise of reasonable diligence should have known that he has sustained a compensable injury. The commission contends it accrues when the worker has sustained an injury by accident arising out of and in the course of his employment and because of the injury is off work for more than seven days. See section 56–961, A.C.A.1939. The employer argues that the assertion of the claim for compensation within the time specified is a condition qualifying the right vested by the statute, and relies upon the line of cases shown in the annotation in 78 A.L.R. 1294 under the heading "Limitation of time for filing claim under workmen's compensation as jurisdictional * * *. II Majority View."

 In determining this case there are certain fundamental principles that must be kept in mind. The Workmen's Compensation Act was enacted to protect the workman and to relieve society of the burden caused by industrial accidents. Industry is chargeable with and must bear the burden of the loss by injury and death to the human machine. Ocean Acc. & Guar. Corp. v. Industrial Com., 32 Ariz. 265, 257 P. 641; Corral v. Ocean Acc. & Guar.

Corp., Ltd., 42 Ariz. 213, 23 P.2d 934; Vukovich v. Ossic, 50 Ariz. 194, 70 P.2d 324; Kay v. Hillside Mines, Inc., 54 Ariz. 36, 91 P.2d 867. It has been repeatedly held that the Act should receive a liberal interpretation in favor of the employee. Where there is a doubt as to the construction, that construction should be adopted which will best effect its purpose of compensating the injured employee for his loss of earning power. Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396; Barron v. Ambort, 64 Ariz. 209, 167 P.2d 925; Inspiration Consol. Copper Co. v. Roseberry, 60 Ariz. 435, 139 P.2d 446. The commission cannot deal at arm's length with the insured. Doby v. Miami Trust Co., 39 Ariz. 228, 5 P.2d 187.

 Injuries due to the inhalation of gas fumes during the course of employment are within the purview of the Act, notwithstanding there was no sudden or external violence. Matter of Mitchell, 61 Ariz. 436, 150 P.2d 355; Dauber v. City of Phoenix, 59 Ariz. 489, 130 P.2d 56.

 As is shown by the A.L.R. annotation, supra, there is a sharp and irreconcilable conflict in the decisions on this question and respectable authority can be found to support most any view. This court has had occasion to consider the matter in Hartford Acc., Etc., Co. v. Industrial Comm., 43 Ariz. 50, 29 P.2d 142, and Arizona Grocery Co. v. Meier, 61 Ariz. 317, 149 P.2d 274, where the limita-

tion provision of section 56–967, supra, was under review. In the Hartford case the accident occurred on April 29, 1931, and the employee made no claim for compensation until May 11, 1933. The employer raised the same defense as here, that the commission was without jurisdiction to entertain the matter because the claim was not filed within one year after the date of the accident. The court adopted the modern rule as follows [43 Ariz. 50, 29 P.2d 144]: "* * *. We still hold that the claim must be filed within one year after the date of the injury if the injury is of sufficient magnitude to be compensable. But, if it is slight or trivial at the time and noncompensable and *later on develops unexpected results for which the employee could not have been expected to make a claim and receive compensation, then the statute runs, not from the date of the accident, but from the date the results of the injury became manifest and compensable.*" (Emphasis supplied)

The Meier case followed and readopted the above rule, which allies Arizona with the liberal minority states, such as Washington, Indiana, Nebraska, Massachusetts, and the English cases. See also Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873; State Ins. Fund v. Industrial Commission, Utah, 209 P.2d 558; Brown & Root v. Dunkelberger, 196 Okl. 116, 162 P.2d 1018; and Pacific Employers Ins. Co. v. Industrial Accident Comm., 66 Cal.App. 2d 376, 152 P.2d 501.

In the instant case the commission denied petitioner a formal hearing and on the meager record before it held as a matter of law that it had no jurisdiction because petitioner's claim for compensation discloses that the alleged injury became manifest and compensable more than five years prior to the filing of the application for compensation. Admittedly this was the basis for its award denying compensation. The main difference between this case and the Hartford and Meier cases, supra, is that in the latter cases the initial injury incapacitated the employee for less than seven days, hence no compensable claim could have then been filed. Whereas in the instant case the petitioner was incapacitated in all for eleven days and had he then known what he does now a valid claim could have been made. The legislature has allowed seven days before the injury becomes compensable and ordinarily its true status would be observable within that period. We are, however, of the opinion that the seven-day statute applies only when one has suffered a patently compensable injury and should not be interpreted to deprive an employee of compensation for injuries when neither the injured employee, nor his employer in the exercise of reasonable diligence considers the accident as resulting in a compensable injury or to be so trivial as not to justify reporting to the commission. Cf. Sears Roebuck & Co. v. Industrial Commission, 69 Ariz. 320, 213 P.2d 672.

■ ■ An employee should not be deprived of his right to compensation when in the exercise of reasonable care he is unable to make a correct diagnosis of his injury. Winthrop v. State Industrial Accident Commission, 213 Cal. 351, 2 P.2d 142; State Ins. Fund v. Industrial Commission, supra. The commission attempts to justify the alleged incorrect diagnosis by the employer's doctors in the instant case by asserting that medical knowledge at the time of the accident was insufficient for the profession to correctly appraise the effects of gas fumes on lung tissue and bronchii. Be that as it may, we don't think their lack of knowledge should determine the rights of an employee who presumably is less informed in the healing arts than the doctors. Particularly is this true in view of the fact that, according to petitioner, he was misled by the employer's doctors, honestly but incorrectly (if petitioner's allegations are true), advising him that he had suffered no compensable injury and should go back to work. Section 56–967, supra, provides in part: "* * *. The physician shall inform the injured employee of his rights under this article and shall lend all necessary assistance in making the application for compensation * * *."

■ ■ We agree with petitioner's contention and fairness and justice require that he be given an opportunity to bring himself within the rules herein stated. If upon a formal hearing he can establish facts to the satisfaction of the commission which will bring him under this rule then the limitation of section 56–967, supra, will not have run against him. The refusal to grant him a formal hearing was error.

Award Set Aside.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.