414 P.2d 996

**Theodore W. MORRIS, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Magma Copper Company, Respondents.**

**No. I CA–IC 25.**

Court of Appeals of Arizona.

June 3, 1966.

———◆———

Bernard T. Caine, Tempe, for petitioner.

Robert K. Park, Chief Counsel, Phoenix, for respondent, Industrial Commission.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent, Magma Copper Co.

CAMERON, Judge.

This matter is before the Court on a writ of certiorari to review the lawfulness of an award of non-compensable claim issued by the Arizona Industrial Commission.

We are called upon to determine whether petitioner's hernia comes within the provisions of the Arizona Hernia Statute (23–1043 A.R.S.).

The claimant was working on the "graveyard" or 11:30 p. m. to 7:30 a. m. shift as a motorman in respondent Magma Copper Company's mine on Saturday, 6 June— Sunday, 7 June, 1964. He had assisted in lifting and moving a load of 12x12 drift timbers during his shift in the early morning of 7 June. At approximately 5:30 a. m. he lifted a 35 to 40 pound steel pulley from the floor to an overhead position, holding it in place there with one hand while he secured it with an eyebolt. His fellow employee, who was working with him at that time testified "Right after that he (claimant) complained about not feeling too well from his side", and "When he got to the change room he said he had kind of slight burning pain in his side."

The claimant completed his shift, drove to his home in Tempe, and went to bed. According to his undisputed testimony, he suffered no accident, performed no work or exercise in the interim period. He arose sometime between 3:00 p. m. and 4:00 p. m., Sunday, 7 June, 1964, and noticed a small lump on his abdomen at the right lower groin area. Sunday was claimant's day off, and he did not make a special trip to the mine to report the accident.

Monday morning 8 June, 1964, claimant was examined by Robert W. Clark, M. D., in Tempe. Dr. Clark diagnosed his symptoms as a right inguinal hernia, and advised surgical repair.

The claimant returned to work in Superior on Monday, 8 June, 1964, and made a report of the accident to his foreman. The employer filed a report of the injury with the Commission. The foreman cautioned claimant not to do any heavy lifting on his shift.

Claimant went to the Company Hospital at the end of his shift, which ended at 7:30 a. m., 9 June, 1964. He was examined by Magma employees' Drs. Whitcombe and Finke, who diagnosed a hernia, and also advised surgical repair. They ordered claimant to return to light duty, which he did.

The Commission's award and findings of non-compensable claim was issued 30 June, 1964. This found that claimant suffered a personal injury by accident arising out of and in the course of his employment 7 June, 1964, but that "said applicant's claim does not conform to the hernia statute", A.R.S. 23–1043.

A hearing was held at the request of claimant at Superior, Arizona on 19 January, 1965. The Commission's decision upon rehearing was issued 24 March, 1965, finding:

1. That the incident of 7 June, 1964, did not contribute to the appearance of claimant's hernia.

2. That the claim does not conform to the requirements for a compensable hernia, as set forth in A.R.S. 23–1043.

A.R.S. Section 23–1043 states in effect that non-traumatic hernias are not compensable unless it is proved:

"(a) That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment.

"(b) That the descent of the hernia occurred immediately following the cause.

"(c) That the cause was accompanied or immediately followed by severe pain in the hernial region.

"(d) That the facts in subdivisions (a), (b) and (c) of this paragraph were of such severity that they were noticed by the claimant and communicated immediately to one or more persons."

■ Section (a) requires that the "immediate cause" of the hernia be a "sudden effort or severe strain or blow." The statute in effect provides that any of three causes are sufficient for the hernia to comply with the hernia statute. A sudden effort, a severe strain, or a severe blow. In the instant case, the only reasonable conclusion that can be reached from the testimony is that the severe strain sustained by the petitioner during the night shift of June 6–7 was the immediate cause of the hernia. Whether this was as a result of the lifting of the 12x12 timbers or the steel pulley or both, is admittedly not clear. What is clear from the testimony is that the petitioner's work on the said night shift was the "immediate cause" of the hernia.

■ We will next consider Section (b) requiring that the descent of the hernia occur "immediately" following the cause. Our Supreme Court has discussed this requirement as follows:

"In so far as the descent of the hernia is concerned, and taking into consideration that the descent was evidently the effect of two causes, that of the drop of April 3 and the lifting of May 15, we are satisfied that the proof, as a matter of law, disclosed that the hernia immediately followed the cause. On the

evening of May 15, the applicant noticed the protrusion in his groin. Within a few days medical examination disclosed this to be a hernia. We think the statute means simply that the hernia descended soon enough and in such a manner as to make it appear clear that the descent was the effect of the strain and pain complained of which forced the applicant to abandon his work after May 15. (citations omitted) The phrase 'descent of the hernia occurred immediately following the cause' is given a liberal construction in favor of the injured workman." Consolidated Vultee Aircraft Corp. v. Smith, 63 Ariz. 331, 334, 335, 162 P.2d 425, 426 (1945).

It is clear that the descent of petitioner's hernia occurred "immediately" within the meaning of the statute and cases.

Section (c) requires that the cause be accompanied or immediately followed by severe pain. The claimant's partner testified that the claimant complained of "not feeling too well from his side" immediately after placing the pulley, and again complained of a burning pain sensation while they were showering and changing clothes in the change room after their shift. Claimant testified:

"Q. Before you went off duty that morning—by morning I mean the morning of June 7th, had you noticed any particular pain or discomfort?

"A. Nothing in particular. You always come off shift—a fellow is always a little tired, or you have a few aches and pains. A fellow doesn't pay any attention to all of them."

Claimant's doctor, in his initial report stated in part in answer to Question # 8, complaints and physical findings in detail:

"Pain, discomfort and swelling in right lower abdomen."

This statement was based upon his examination of claimant on Monday, 8 June, 1964, one day after the strain and descent

of the hernia occurred. The term "severe pain" is subjective, and what is "severe" pain will necessarily vary with each individual. We have examined the case law in Arizona, and find no case concerning the question of what is severe pain within the meaning of our hernia statute. There is an indirect consideration of this question in Arizona Grocery Company v. Meier, 61 Ariz. 317, 149 P.2d 274 (1944). The facts in that case were that Meier slipped while loading heavy packing cases, and strained himself. "He felt a pain in the region of the groin but never thought much about it and continued to work that day." There was some swelling that night and the next day, but he didn't know what it was. The accident occurred on 13 July, 1942. He did not see a doctor until a year later on 6 July, 1943, when a hernia was diagnosed. He testified, "I kept working because most of the time the trouble was not very painful." Meier's claim was not filed until more than a year after the accident, because, Meier contended, it was minor, he did not consider it at all serious. In the Meier case, the Commission found that the claim was timely filed, and that Meier's hernia met the tests set forth in the statute and was compensable. The court approved this determination with the following language:

> "We hold that this case was not of sufficient magnitude at its inception to be compensable. That as shown by the respondent in carrying on his work, the injury was at first slight or trivial and not then compensable, but that later he could see that it was important that he report it and file his claim for compensation." Arizona Grocery Company v. Meier, supra, 61 Ariz. at 321, 149 P.2d at 275.

■■ We believe a reasonable interpretation of the Meier case to be that the "severe" pain need not be a disabling pain, or pain of long duration. A burning pain such as that complained of by claimant herein to his partner at or near the time of the accident, would seem to be the type of pain contemplated by the statute, and we hold that in the instant case, claimant met the requirement of subsection (c), the third test.

The evidence is uncontradicted that claimant communicated the facts in subsections (a), (b), and (c) to his partner immediately, and one day later to his attending physician. The test in subsection (d) was also proved by claimant.

■ The claimant herein has asked us to consider a second issue, whether claimant justifiably sought medical and surgical treatment from a private physician and hospital rather than the Magma provided facilities. Some evidence was introduced at the hearing on this issue, but since the Commission's award declared the injury non-compensable, no decision was made on the second issue, and that question is not properly before this Court.

■ Following the hearing and submission of the case, counsel for Magma forwarded a letter from a Magma employee, one Dr. Finke, purporting to refute certain testimony of the claimant given at the hearing. This letter appears in the file. We have previously indicated that matters placed in the record after the hearing may not be considered by the Commission in reaching its decision based upon that hearing, absent the consent of all parties to the award. Edwards v. Industrial Commission, 3 Ariz.App. 290, 413 P.2d 800 (1966), Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966).

■ The award of the Commission is set aside.

STEVENS, C. J., and DONOFRIO, J., concurring.