478 P.2d 529

**Charles H. GRIMM, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona,
Respondent,**

**Hudson Van Oil Company, Inc.,
Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 278.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 1, 1970.

Gorey & Ely, by Stephen S. Gorey,
Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona, Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent Carrier.

CAMERON, Judge.

This is a writ of certiorari to determine the lawfulness of an award and findings of the Industrial Commission issued 5 March 1969 denying Grimm's petition to reopen.[1] A statement of the facts is not necessary to this opinion, as the issues involved are procedural.

Petitioner filed his petition to reopen on 17 November 1967. This petition was not accompanied by a report from a doctor as required by Rule 64, Rules of the Industrial Commission. The petition was denied.

Petitioner timely protested and filed a petition for rehearing. A hearing was held on 23 July 1968. Petitioner did not appear, but was represented by counsel who explained that petitioner was presently out of state. No evidence was presented at the hearing. The referee stated:

> "I might suggest that since Mr. Gorey has written to Dr. Vaziri, that he may, if he chooses, submit Dr. Vaziri's reply within 10 days. However, that does not necessarily mean that the referee will consider it in making a recommendation as to the hearing today. By the same token, I don't say that I will not."

The referee further suggested that the hearing might be continued. Mr. Varner for the Fund objected to both suggestions. Approximately four months after the hearing, counsel for the petitioner forwarded to the Commission medical reports from Dr. Vaziri, a physician in Huntington, West Virginia, who had examined the petitioner.

On petition and application for readjustment or reopening of workmen's compensation claim, the claimant has the burden of proof. Dabbs v. Industrial Com-

1. This case was decided under the law as it existed prior to 1 January 1969.

mission, 2 Ariz.App. 598, 411 P.2d 36 (1966). This Court stated in Morris v. Industrial Commission, 3 Ariz.App. 393, 396, 414 P.2d 996, 999 (1966):

"* * * We have previously indicated that matters in the record after the hearing may not be considered by the Commission in reaching its decision based upon that hearing, absent the consent of all parties to the award. (citations omitted.)"

In the instant case, no further hearing was held and the attorney for the Fund did not consent that the Commission could consider additional medical reports without opportunity for cross-examination.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.