489 P.2d 1217

Gordon C. PREUSS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Chambers Belt Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 416.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 28, 1971.

Gorey & Ely by Sherman R. Bendalin and Stephen S. Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Comm. of Ariz., for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Ronald M. Meitz, Phoenix, for respondent employer and respondent carrier.

CASE, Judge.

This case is before the court by writ of certiorari to test the lawfulness of an award and findings of the Industrial Commission of Arizona issued January 8, 1970, which found that the petitioner had no physical or mental disability resulting from the industrial episode, nor that he was in need of further medical care.

This case is decided under the law as it existed prior to January 1, 1969.

Petitioner, then 43 years old, was injured on January 3, 1968, when he was in the course and scope of his employment as a shipping clerk with respondent employer. Petitioner was first seen by his attending physician, Samuel Compton, M.D., on January 5, 1968. Dr. Compton referred petitioner to Dr. Sam C. Colachis, Jr. for consultation. Dr. Colachis and Dr. Compton continued to treat petitioner, who also was examined at the request of the Commission by Dr. Howard Aidem on June 11, 1968. In October, 1968, a medical consultation

board consisting of Dr. Paul Palmer, Dr. James R. Moore, Dr. Howard P. Aidem and Dr. S. P. Compton examined petitioner and reached the following conclusion:

"At the present time it is the opinion of the consultants that no further specific medical treatment is indicated and that the patient can be released to regular working status. It is felt that the patient would be able to perform the duties of a shipping clerk other than the duties which might require excessive heavy lifting. This is due to the patient's physical stature and pre-existing degenerative arthritis rather than to any residuals of the present injury in question."

With this consultation report before it, the Commission issued a temporary disability award on November 21, 1968.

The award was timely protested, and a hearing was held on October 17, 1969. The petitioner testified that since the consultation board report had been explained to him he had returned to see Dr. Compton once or twice. He testified that he still had residuals of pain in his hips, left leg and his neck, which he felt were the result of the accident.

Dr. Compton testified as follows:

"Mr. Gorey: From the description of his complaints and knowing what you do of his physical findings, would you have an opinion as to whether or not at the present time he is still physically impaired?

A. The complaints have remained the same throughout the entire course of this illness and I would suspect that the condition would .be static at this point. He still is suffering from pain in the lower back which is aggravated by lifting, which does limit his occupational capacities."

It is the opinion of the court that petitioner has failed to sustain his burden causally relating the disability to the accident. Petitioner urges that the only medical testimony before the Commission was to the effect that the petitioner suffers a continuing disability as a result of the accident.

Rule 29 of the Rules of Procedure of the Industrial Commission, then in effect, stated as follows:

"29. Files Public Records; Notice of Contents:—

The files of the Commission will be open for inspection by all parties to the proceeding only, and they are deemed to have notice of all reports and other documents filed therein. Every party is deemed to admit the truth and correctness of every material fact or statement contained in any report or document on file, unless a written objection to or denial of such fact or facts be made and filed with the Commission."

The medical consultation board report, being a part of the file, is in evidence. It is noted that Dr. Aidem and Dr. Colachis were subpoenaed in addition to Dr. Compton, and failed to appear. No objection was raised to this failure, nor was any attempt made to preserve the right to examine and cross-examine these doctors.

There was testimony to the effect that petitioner worked for the Heinsohn Printing & Machinery Supply Company from December 9, 1968 to May 21, 1969, satisfactorily performing the duties of a shipping clerk. Both petitioner and the employer's manager testified that petitioner's termination was voluntary. The manager spoke well of petitioner's working ability, and it must be borne in mind that this manager was a completely disinterested witness, as his employer was in no way charged with industrial responsibility in this case. The petitioner also testified that at the date of the hearing he was currently employed by the State of Arizona as a yardman, and that although the work was lighter than that he had performed with respondent employer, he was capable of handling his duties.

Where a conflict in testimony exists, the Industrial Commission has the duty and responsibility to resolve such conflict and if the result reached by the Com-

mission is substantiated by competent evidence, the Court of Appeals will not substitute its judgment for that of the Commission. Altamirano v. Industrial Commission, 12 Ariz.App. 345, 470 P.2d 493 (1970). In industrial cases, the burden of proof is on the applicant to show affirmatively all of the essential elements necessary to sustain the award. Merrill v. Industrial Commission, 11 Ariz.App. 564, 466 P.2d 783 (1970).

We are of the opinion that the award is supported by competent evidence.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.