OPINION
EUBANK, Judge.
This is a Rule 10, Arizona Rules of Procedure for Special Actions, review of a February 11, 1983 Industrial Commission award in favor of the Respondent Employee for a compensable class two hernia. The central issue is whether the evidence satisfied the special compensability requirements of A.R.S. § 23-1043(2). We conclude that these requirements were satisfied, and therefore affirm the award.
On Thursday, January 28, 1982, the respondent employee (claimant), an apprentice carpenter, while standing on a sawhorse lifting a one hundred pound truss overhead, lost his balance and simultaneously dropped the truss to his chest and thrust his leg against a wall to brace himself. He felt a sensation like a pulled groin muscle, but thought this indistinguishable from the general muscle pain and fatigue he had from work. No one witnessed the incident. The claimant did not report it nor did he complain of pain to anyone at work. He completed the shift and returned to work on Friday, but the job shut down after a half day of work.
According to the claimant, he noticed some localized groin pain by the following Saturday. His wife, however, recalled him complaining of pain as early as Thursday night or Friday afternoon. On Saturday, he mowed his lawn and played with his young children; on Sunday morning, he cleaned house. By Sunday afternoon, he developed severe groin pain.
Later on Sunday, Thomas C. Patterson, M.D., examined the claimant at a hospital emergency room. Dr. Patterson found a loose inguinal ring, but no actual hernia. He recorded the following brief history: “Onset of pain two to three days ago, right groin pain while working.” No other details were provided.
On the following Tuesday, five days after the industrial incident, the claimant saw his personal physician, James R. Heap, M.D. Dr. Heap found a right inguinal hernia. He referred the claimant to Eugene J. Swensen, M.D., who surgically repaired the hernia.
According to the claimant, he reported his injury and its connection to work to his employer on Monday. . According to the employer, the claimant reported his injury on Monday, but did not report the work incident until the next day. The claimant subsequently filed a compensation claim. This was denied by the carrier, and hearings were conducted.
The medical experts agreed that the claimant had a right inguinal hernia. Its probable cause was inherent weakness of the inguinal ring and the industrial incident. The claimant’s weekend activities, however, were a possible cause. According to Dr. Patterson, the hernia had not descended by the time of his examination on Sunday; according to Dr. Heap, it had descended by the time of his examination on Tuesday. This delayed descent is consistent with industrial causation because the rapidity of descent depends on the severity of the tear. On the other hand, according to Dr. Patterson, if the claimant had no pain after the industrial injury, then it probably did not cause the hernia.
The administrative law judge concluded that the hernia was compensable. He found that the claimant did have localized pain after the industrial incident and therefore that it most probably caused the hernia. He also found that the industrial incident involved a sudden effort or severe strain, that the descent by the Tuesday following the incident was “immediate,” and that the claimant’s pain was sufficient for compensability. The award was affirmed on administrative review, and the carrier has filed this special action seeking review by this court.
A.R.S. § 23-1043(2) in relevant part provides:
All other hernias, whenever occurring or discovered and whatsoever the cause ... *339 are considered diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes thereof are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, unless it is proved:
(a) That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment.
(b) That the descent of the hernia occurred immediately following the cause.
(c) That the cause was accompanied or immediately followed by severe pain in the hernial region.
(d) That the facts in subdivisions (a), (b) and (c) of this paragraph were of such severity that they were noticed by the claimant and communicated immediately to one or more persons.
These special compensability requirements have been liberally interpreted. See, e.g., Consolidated Vultee Aircraft Corp. v. Smith, 63 Ariz. 331, 162 P.2d 425 (1945). Accordingly, the requirement of immediate descent is satisfied if the “hernia descended soon enough and in such a manner as to make it appear clear that the descent was the effect” of the industrial incident. Consolidated Vultee, 63 Ariz. at 334, 162 P.2d at 426. But cf. Bliven v. Industrial Commission, 24 Ariz.App. 78, 80, 535 P.2d 1309, 1311 (1975) (“We view the word ‘immediately’ ... to mean generally within minutes or hours ____”). The
requirement of immediate communication is satisfied by communication within a reasonable time, and reasonableness is a question of fact for the trier of fact. Consolidated Vultee, 63 Ariz. at 335-6, 162 P.2d at 426-27. Furthermore, the requirement of severe pain is a subjective standard and does not require that the pain be disabling or of long duration. Morris v. Industrial Commission, 3 Ariz.App. 393, 396, 414 P.2d 996, 999 (1966).
The petitioners first argue that Bliven is simply dispositive. It is undisputed that the hernia descended days, not minutes or hours, after the industrial incident. It is argued that the Bliven definition of immediacy is therefore unsatisfied.
We disagree, however, that the strict definition of immediacy in Bliven constitutes a realistic assessment of the meaning of the language of Section 23-1043(2). We cannot ignore, as the Bliven court apparently did, our supreme court’s refusal to require a fixed time for the descent of the hernia, the experience of pain, or the report of these facts. Furthermore, in Bliven it was unnecessary for the court to draw this bright line because in Bliven the compensability test established in Consolidated Vultee was not satisfied. We therefore reject the argument that Bliven is dispositive of this appeal.
The petitioners next argue that the present case is most like Bliven and unlike Consolidated Vultee and Morris. In Bliven, none of the special compensability requirements were obviously satisfied. The claimant had no groin pain after the industrial incident and first complained of it some 12 days later. Examination then revealed only an inguinal area strain. The claimant then went water skiing. After this activity, he developed a hernia, more than a month after the industrial incident.
In contrast, in Consolidated Vultee and in Morris, all but one of the special compensability requirements were satisfied. In Consolidated Vultee, the claimant had two industrial incidents. Each caused severe pain. A lump developed within hours after the second incident. This was diagnosed to be a hernia a few days later. The claimant gave a history of the work incidents to his doctor at that time, but did not report the incidents at work for several weeks. In Morris, after strenuous work the claimant immediately complained to a co-worker of burning pain. A lump developed within hours after this incident. This was subsequently diagnosed to be a hernia.
Although factually accurate, petitioners’ analysis misses the point. Consolidated Vultee and Morris establish the *340 rule that strict satisfaction of all the special compensability requirements is unnecessary. An ultimate factor to be considered is whether the relationship between the industrial incident and the hernia is clear. It was not clear in Bliven, and therefore the hernia was noncompensable; it was clear in Consolidated Vultee and Morris, and therefore the hernia was compensable.
The present case is a close one, but substantial evidence in the record supports the administrative law judge’s conclusion. The industrial incident involved a sudden effort. The medical experts agreed that to a reasonable medical probability it caused the hernia. The hernia descended within five days and the medical experts found this consistent with industrial causation. The claimant had discomfort after the industrial incident and he explained why he was unconcerned at first. Severe pain developed within three days of the industrial incident. The claimant mentioned the relevant facts to Dr. Patterson when he saw him on Sunday. We therefore conclude that the special compensability requirements were satisfied.
The petitioners also argue that the administrative law judge erroneously ignored the claimant’s testimony that severe pain began on Sunday and accepted his wife’s testimony instead. This argument misconstrues the purpose of the administrative law judge’s finding. The finding relates not to the special compensability requirement of severe pain, but rather to Dr. Patterson’s testimony that if the claimant had no pain, the industrial incident probably did not cause the hernia. Both the claimant and his wife testified that he had some discomfort after the industrial incident. The evidence therefore supports the administrative law judge’s finding.
For the foregoing reasons, we affirm the award.
Award affirmed.
GRANT, P.J., and HAIRE, J., concur.