IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

CITY OF TUCSON,
*Petitioner Employer*,

PINNACLE RISK MANAGEMENT,
*Petitioner Insurer*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

SCOTT M. WOODWORTH,
*Respondent Employee.*

No. 2 CA-IC 2014-0005
Filed September 30, 2014

_____

Special Action – Industrial Commission
ICA Claim No. 201304030150
Insurer No. WCTUC2013716595
The Honorable Thomas A. Ireson,
Administrative Law Judge

**AFFIRMED**

_____

COUNSEL

Moeller Law Office, Tucson
By M. Ted Moeller
*Counsel for Petitioners Employer and Insurer*

The Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Tretschok, McNamara & Miller, P.C., Tucson
By Patrick R. McNamara
*Counsel for Respondent Employee*

---

**OPINION**

---

Presiding Judge Miller authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

---

M I L L E R, Presiding Judge:

¶1        In this statutory petition for special action, petitioners City of Tucson and Pinnacle Risk Management (collectively "Pinnacle") challenge the administrative law judge's (ALJ) findings and decision upon review affirming his award for a compensable hernia claim.  Pinnacle contends there was no evidence Woodworth was incapable of feeling pain in the hernia region and that he failed to meet all the statutory requirements for a compensable hernia injury claim.  Because the ALJ did not err, we affirm.

## Factual and Procedural Background

¶2        We view the evidence in the light most favorable to affirming the Industrial Commission's findings and award.  *Polanco v. Indus. Comm'n*, 214 Ariz. 489, ¶ 2, 154 P.3d 391, 392-93 (App. 2007). In February 2013, Woodworth, a captain with the City of Tucson Fire Department, responded to an emergency call that required Woodworth and a colleague to lift an unconscious elderly woman from a couch to a gurney.  About an hour later, Woodworth returned to the fire station and took a shower, whereupon he noticed that he had a golf-ball-sized bulge on his left groin. Woodworth immediately notified his supervisor as well as the

Tucson Fire Department physician, Dr. Wayne Peate, in accordance with department policy. Peate saw Woodworth two days later and referred him to a surgeon.

¶3 Woodworth's initial workers' compensation claim was denied, and he requested a hearing on the issue of whether the injury was compensable. At the hearing, Woodworth testified that he had not experienced any pain related to the hernia. He also stated that he had previously suffered a hernia on his right side some twelve years prior to the February 2013 incident and that he did not have any pain associated with that hernia either.

¶4 Peate had diagnosed Woodworth with a left inguinal hernia and opined, to a reasonable medical probability, that Woodworth's lifting and moving an unconscious patient in February 2013 caused the injury. Peate also testified that some individuals do not experience pain when suffering a hernia injury. Pinnacle's independent medical examiner, Dr. Raymond Schumacher, was not able to identify to a reasonable medical probability the cause of Woodworth's February 2013 hernia and opined that if a hernia was caused by a strain or a blow, it would be accompanied by pain.

¶5 After three evidentiary hearings, the ALJ issued a decision finding Woodworth's claim compensable under the hernia statute, A.R.S. § 23-1043(2). [1] Section 23-1043(2) sets forth four requirements for a claim to be compensable: (a) the immediate cause was a severe strain or blow; (b) the hernia immediately descended following the cause; (c) the cause was accompanied by

---

[1]Section 23-1043 distinguishes between "traumatic" and "[a]ll other hernias." Although each requires strain and damage to the abdominal wall, the difference between the two categories is primarily a medical one to be determined by the cause of herniation. *Figueroa v. Indus. Comm'n*, 112 Ariz. 473, 476, 543 P.2d 785, 788 (1975). Our supreme court has defined non-traumatic hernias, under subsection 2, as those occurring due to abnormal weakness of the muscular structure, existing from birth, old age, or debilitating disease. *Id.*

severe pain; and, (d) the claimant noticed the hernia and immediately communicated as much to one or more persons. In his ruling, the ALJ conceded that the claim would not be compensable under a strict interpretation of the statute, but found that it should be liberally construed given the unique facts of this case. Accordingly, the ALJ adopted Peate's opinions as the more probably correct and found the lifting incident caused the hernia discovered by Woodworth a few hours later. Pinnacle filed a request for review, and the ALJ affirmed. This petition for special action followed.

## Inability to Feel Pain Associated with a Hernia

¶6 Pinnacle first argues the record lacked any evidence to support the ALJ's finding that, for some anatomic or physiologic reason, Woodworth did not experience pain associated with herniation. We will not disturb an ALJ's findings of fact so long as it is substantiated by competent evidence. *See Preuss v. Indus. Comm'n*, 15 Ariz. App. 515, 516-17, 489 P.2d 1217, 1218-19 (1971).

¶7 As noted above, Woodworth testified at an evidentiary hearing that he had noticed a fast onset of swelling in his left groin, but did not feel any pain from the time of the February 2013 herniation until his surgery. He further indicated he had not felt any pain associated with the hernia he had suffered twelve years prior. Peate, Woodworth's physician, testified that some individuals simply will not experience pain associated with herniation, although such individuals are in the minority. In addition, Schumacher, agreed that Woodworth has not had pain with either of his non-traumatic hernias.

¶8 Pinnacle asserts Peate did not testify that Woodworth is among those individuals who do not feel pain upon herniation. But the record contains competent evidence to substantiate the ALJ's finding that Woodworth could not feel pain with a hernia. *See Preuss*, 15 Ariz. App. at 516-17, 489 P.2d at 1218-19.

¶9 The medical testimony pertaining to whether some patients are incapable of feeling pain associated with a hernia injury was in conflict. Where, as here, the ALJ is presented with a conflict

in the medical testimony, we will not disturb the ALJ's resolution of such a conflict unless it is wholly unreasonable. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, ¶ 9, 275 P.3d 638, 642 (App. 2012). Peate testified that "[l]ifting patients and maneuvering them, particularly in the firefighter setting, can cause" herniation. Peate went on to opine to a reasonable medical probability that Woodworth's lifting and moving an unresponsive patient in February 2013 was the cause of Woodworth's hernia. Furthermore, Peate indicated that Woodworth presented with no pain accompanying the hernia. Peate also stated "[t]here is a spectrum" of pain experienced upon herniation and that "some [patients] . . . report a bulge but don't have the immediate pain."

**¶10** Schumacher testified that Woodworth "had previously had a painless right inguinal hernia" and that his February 2013 left inguinal hernia "was entirely nonpainful" but indicated "that [Woodworth] had experienced some other painful conditions in his life." Moreover, he could not opine to a reasonable medical probability that a hernia was caused by an effort or a strain unless it was painful at the time of the incident.

**¶11** The ALJ concluded that the ultimate factor in deciding compensability under § 23-1043(2) is whether a causal relationship is clear between the work incident and the hernia. The ALJ also found Woodworth's testimony to be credible, including that he did not feel pain associated with two separate hernia injuries. He also adopted, as more probably correct, Peate's medical opinions that a minority of individuals do not experience pain with non-traumatic herniation, and that Woodworth's hernia injury was caused by the work incident. Accordingly, the ALJ liberally construed the hernia statute to prevent prejudice to Woodworth who, through no fault of his own, does not experience pain with herniation. Upon examination of the record, we conclude that the ALJ's findings of fact are substantiated by competent evidence. *See Preuss*, 15 Ariz. App. at 516-17, 489 P.2d at 1218-19; *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, ¶ 10, 19 P.3d 1248, 1251 (App. 2001) (appellate court will not disturb ALJ's finding of fact unless wholly unreasonable).

**Pain Requirement of the Hernia Statute**

**¶12** Pinnacle argues next that the ALJ erred in finding Woodworth's claim compensable because Woodworth did not satisfy the statutory requirements of § 23-1043(2). Specifically, Pinnacle asserts that a non-traumatic hernia must be associated with pain for it to be compensable. We review an ALJ's legal conclusions de novo. *Hahn v. Indus. Comm'n*, 227 Ariz. 72, ¶ 5, 252 P.3d 1036, 1038 (App. 2011).

**¶13** As noted above, a claimant must meet four specific requirements for a non-traumatic hernia to be compensable under § 23-1043(2): (a) the immediate cause was a severe strain or blow; (b) the hernia immediately descended following the cause; (c) the cause was accompanied by severe pain; and, (d) the claimant noticed the hernia and immediately communicated as much to one or more persons. The key to establishing compensability under the hernia statute is showing an immediate and apparent connection between the injury and the workplace. *See Sandoval v. Indus. Comm'n*, 3 Ariz. App. 449, 451, 415 P.2d 463, 465 (1966); *see also Arizona Workers' Compensation Handbook* § 5.4.3, at 5-16 (Ray Jay Davis et al. eds., 1992).

**¶14** We interpret the hernia statute's special compensability requirements liberally in favor of the injured claimant. *See Sandoval*, 3 Ariz. App. at 450, 415 P.2d at 464. Accordingly, the requirement of severe pain is a subjective standard that will vary with each individual and does not require that pain be long-lasting or disabling. *Id.*; *Morris v. Indus. Comm'n*, 3 Ariz. App. 393, 396, 414 P.2d 996, 999 (1966). Likewise, the immediate communication and immediate descent requirements are satisfied if communication occurred and the hernia descended within a reasonable time, as to make it appear clear that the hernia was caused by the industrial accident. *Consolidated Vultee Aircraft Corp. v. Smith*, 63 Ariz. 331, 334-36, 162 P.2d 425, 426-27 (1945); *but cf. Bliven v. Indus. Comm'n*, 24 Ariz. App. 78, 80, 535 P.2d 1309, 1311 (1975) (viewing the word "immediately" to mean "generally within minutes or hours").

**¶15** Pinnacle focuses its argument solely on the hernia statute's "severe pain" requirement and asserts a plain language

reading of the statute necessitates a claimant experience some degree of pain associated with the herniation for it to be compensable. § 23-1043(2)(c). It cites to *Bliven* as a case where the absence of pain was the reason why the claim was denied and the declination affirmed on appeal. 24 Ariz. App. at 79-80, 535 P.2d at 1310-11.

**¶16** In *Bliven*, however, none of the special compensatory requirements were satisfied. *Id.* The claimant had no groin pain after the industrial incident and first complained of it some twelve days later. *Id.* A doctor's examination diagnosed only an inguinal area strain. *Id.* at 80, 535 P.2d at 1311. The claimant then went water skiing and after this activity he developed a hernia, about a month after the industrial incident. *Id.*

**¶17** Pinnacle also relies on several cases in which claimants had established some sensation of pain associated with the hernia and the injury had been found to be compensable. *See, e.g.,* *Superstition Const. v. Indus. Comm'n*, 139 Ariz. 338, 338, 678 P.2d 522, 523 (App. 1984) (injured worker "felt a sensation like a pulled groin muscle"); *Morris*, 3 Ariz. App. at 396, 414 P.2d at 999 (burning pain experienced near time of incident satisfied "severe pain" requirement); *Consolidated Vultee*, 63 Ariz. at 332, 162 P.2d at 425 (acute pain in left groin). But these cases are like the present case in that all but one of the special compensatory requirements were satisfied. *See Superstition Const.*, 139 Ariz. at 338, 678 P.2d at 523 (hernia descended days, not minutes or hours, after industrial incident); *Morris*, 3 Ariz. App. at 396, 414 P.2d at 999 (claim compensable where lack of "severe pain"; minor, burning pain satisfied requirement); *Consolidated Vultee*, 63 Ariz. at 336, 162 P.2d at 427 (claim compensable where hernia descent not communicated "immediately").

**¶18** We previously have held that "the rule that strict satisfaction of all the special compensability requirements is unnecessary." *Superstition Const.*, 139 Ariz. at 339-40, 678 P.2d at 524-25. In that case this court observed that an ultimate factor to be considered is whether the relationship between the industrial incident and the hernia is clear. 139 Ariz. at 340, 678 P.2d at 525; *see also* 1 Arthur Larson & Lex K. Larson, *Larson's Workers Compensation*

*Law* § 1.03[1], at 1-5 (2007) ("The right to compensation benefits depends on one simple test: Was there a work-connected injury?"). This causal relationship was not clear in *Bliven*, and therefore the hernia was noncompensable. 24 Ariz. App. at 79-80, 535 P.2d at 1310-11; *see also Superstition Const.*, 139 Ariz. at 340, 678 P.2d at 525. In contrast, the causal relationship was clear in the other cases relied upon by Pinnacle. *See Superstition Const.*, 139 Ariz. at 338, 340, 678 P.2d at 523, 525; *Morris*, 3 Ariz. App. at 396, 414 P.2d at 999; *Consolidated Vultee*, 63 Ariz. at 336, 162 P.2d at 427.

¶19 It is well settled that the workers' compensation statutes are designed to benefit the injured employee rather than the employer. *See Dugan v. Am. Express Travel Related Servs. Co.*, 185 Ariz. 93, 99, 912 P.2d 1322, 1328 (App. 1995); *see also* Larson & Larson, *supra*, § 1.01, at 1-2 (basic operating principle of workers' compensation is that employee automatically entitled to certain benefits whenever employee suffers personal injury by work-related accident). Although the plain language of a statute typically controls when it is clear and unambiguous, we will not interpret a statute's plain text to engender an absurd or unconstitutional result. *Sell v. Gama*, 231 Ariz. 323, ¶ 16, 295 P.3d 421, 425 (2013). Adoption of Pinnacle's strict reading of § 23-1043(2)(c) would necessarily exclude from the workers' compensation regime a subset of employees who do not feel pain during a non-traumatic herniation.

¶20 As outlined above, § 23-1043(2)(c) must be construed in favor of the injured worker. We therefore conclude that a non-traumatic hernia injury is compensable when the preponderance of the evidence establishes a relationship between the work incident and injury, and competent evidence substantiates the claimant's inability to feel pain with non-traumatic herniation. Construing the statute in a way that excludes such a worker from the workers' compensation regime based on physiological makeup would lead to absurd results, *see Sell*, 231 Ariz. 323, ¶ 16, 295 P.3d at 425, and is incongruent with the purpose of the workers' compensation statute, *see* Larson & Larson, *supra*, § 1.01, at 1-2.

**Disposition**

¶21 For the foregoing reasons, the award is affirmed.