606 P.2d 819

HUGHES AIRCRAFT COMPANY,
Petitioner Employer,

Employers Mutual Liability Insurance
Company of Wisconsin,
Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Donald D. Sharp, Respondent Employee.

No. 1 CA–IC 2141.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 6, 1979.

Rehearing Denied Jan. 24, 1980.

Review Denied Feb. 13, 1980.

Lewis & Roca, by Merton E. Marks, R. Kent Klein, Barry Fish, Phoenix, for petitioners.

Davis & Eppstein, P. C. by Patrick R. McNamara, Philip J. Hall, Tucson, for respondent employee.

James L. Stevenson, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

## OPINION

JACOBSON, Judge.

In this review of an award by the Industrial Commission, petitioners have limited

their attack to matters which were not raised before the hearing officer. Consequently, this court is placed in the position of having to determine whether we can properly consider those matters.

The facts are not in material dispute. On November 29, 1973, the claimant, Donald D. Sharp, suffered an industrial injury to his low back, while employed by petitioner/employer, Hughes Aircraft Company. At that time, the employer's workmen's compensation carrier was Argonaut Insurance Company. This claim was accepted for benefits and subsequently closed with no permanent disability on March 6, 1975.

In May, 1976, the claimant began to experience increased pain and difficulties. On November 18, 1976, while still working for Hughes Aircraft and while moving some missile warheads, he experienced a severe onset of pain in his low back. On November 18, 1976, the workmen's compensation carrier for Hughes Aircraft was petitioner, Employer's Mutual Liability Insurance Company of Wisconsin.

Following the November 18, 1976 incident, the claimant, on December 30, 1976, filed a petition to reopen his 1973 claim (the responsibility of Argonaut Insurance Company) contending that his then present condition was the result of the natural progression of his 1973 injury. Argonaut denied the reopening, contending that claimant's condition was the result of the November 18, 1976 incident which constituted a new compensable injury and was thus not Argonaut's responsibility, but the responsibility of Employer's Mutual. Hearings were held on this issue and on June 30, 1977, the hearing officer entered his decision, granting the petition to reopen (hereinafter referred to as the Argonaut award).

On September 21, 1977, Argonaut filed a Special Action—Industrial Commission with this court seeking a review of the decision granting reopening. Apparently up to this time the claimant was not represented by counsel. On October 7, 1977, counsel who had been retained by claimant to represent him in the special action review, filed a report of injury (new claim), relating to the November 18, 1976 missile warhead incident.

Employer's Mutual denied this claim on February 24, 1978, by a notice of claim status. A timely request for hearing was filed and hearings were held on April 18, 1978 to determine the compensability of the November 18, 1976 incident.

In the meantime, the Argonaut special action proceeded in the Court of Appeals. This court on September 12, 1978 entered its opinion [1] affirming the decision granting reopening. In doing so, this court found that the evidence supported the hearing officer's determination that claimant's present condition was causally related to his 1973 injury and was not the result of the November 18, 1976 incident. On September 19, 1978 (seven days after our opinion in Argonaut), the hearing officer in this case [2] entered his award and decision holding that the November 18, 1976 injury constituted a new compensable injury which was the financial responsibility of Employers Mutual.

On October 19, 1978, Employers Mutual requested a review of that decision, pointing out the factual inconsistencies between the claimant's 1973 opening testimony and the testimony given in the present proceedings. However, no mention was made of the legal effect of the two awards nor did the petitioners argue the issues of judicial estoppel, collateral estoppel or res judicata.

On October 31, 1978, the Arizona Supreme Court denied review of the Argonaut special action and on December 14, 1978, the hearing officer in this case, upon review, affirmed his decision, finding the November 18, 1976 incident to be a new compensable injury. Employers Mutual has sought review by special action.

On review, Employers Mutual's position is concisely stated in its Issue Presented:

1. *Hughes Aircraft Co. v. Industrial Commission*, 120 Ariz. 335, 585 P.2d 1247 (App.1978).

2. The hearing officer in Argonaut had resigned and the November 18, 1976 claim was heard by a different hearing officer.

"Did the Industrial Commission err as a matter of law when it found that the disability beginning in November, 1976 was attributable to a new accident even though the Industrial Commission and this Court, after considering the precise same issue, had previously held that the same disability was not due to a new accident, but was caused by a prior industrial accident?"

In support of this question presented, Employers Mutual urges three contentions:

1. That the Industrial Commission was without jurisdiction to entertain the new injury claim while the reopening claim was on review;

2. that the claimant by pursuing the reopening claim is estopped to take a position inconsistent with the theory of that reopening; and

3. that the finality of the reopening claim is entitled to either collateral estoppel or *res judicata* effect.

The claimant argues convincingly (and petitioners here do not argue to the contrary) that there was more than sufficient evidence presented to the hearing officer for him to find that the November 18, 1976 incident legally constituted a new injury. *See Continental Casualty Co. v. Industrial Commission*, 122 Ariz. 357, 595 P.2d 35 (1979).

Moreover, the claimant alleges that the legal issues presented to this court, as framed by the petitioners' question presented and their contentions in support thereof, were never presented to the hearing officer in this matter. Thus, the claimant argues under the authority of *Releford v. Industrial Commission*, 120 Ariz. 75, 584 P.2d 56 (App.1978), and *Stephens v. Industrial Commission*, 114 Ariz. 92, 559 P.2d 212 (App. 1977), that this court lacks authority to consider these issues based upon the principle of failure to exhaust administrative remedies.

Employers Mutual, on the other hand, argues that this legal issue was presented to the hearing officer. We disagree. No motion for continuance was made by Employers Mutual urging the possible incon-

sistencies which might result from the Argonaut proceedings. The prior Argonaut award was never placed in evidence. In Employers Mutual's request for review before the hearing officer, the only mention of the Argonaut proceedings was to urge the hearing officer to change his *factual* determination based upon inconsistencies between the claimant's testimony in the Argonaut matter and in the present proceedings. Nowhere did that request for review urge the *legal* effect of that prior determination.

At the pre-hearing conference, counsel agreed that the only matters before the hearing officer were the timeliness of the request for hearing and the merits of the petition to reopen a March 10, 1976 claim (this is not an issue before this court) and the merits of the denied new claim concerning the November 18, 1976 injury (this being the subject matter of this review).

Again, the pre-hearing conference order is silent as to the legal effect of the Argonaut award. The only other mention of the Argonaut proceedings occurred early in this matter when the claimant sought to consolidate the Argonaut reopening claim with the present claim. In support of that consolidation, counsel for Employers Mutual wrote a letter to the hearing officer stating:

"If the hearing in the March 1976 and alleged November 1976 claims proceed without joinder of the 1973 claim, it appears that [claimant's attorney] may still be in a position of not having before the Industrial Commission the necessary parties to prevent there being entry of ultimately inconsistent findings and therefore there resulting certain potential prejudice to this client."

Subsequently, the hearing officer granted claimant's request to withdraw his motion for consolidation. Apparently, no objections were made by Employers Mutual to this request and no error is alleged here in connection with the hearing officer's action in granting the withdrawal.

■ In our opinion, this letter does not sufficiently present to the hearing officer

**4**

nor preserve on appeal the issue of the legal effect of the Argonaut award. In short, our review of the record reveals that the issues presented in Employers Mutual's opening brief in this court were never presented to the hearing officer.

We stated in *Stephens v. Industrial Commission, supra* :

"This court will not consider on review an issue not raised before the Industrial Commission where the petitioner has had an opportunity to do so. [Citation omitted]. This rule stems from the requirement that administrative remedies be exhausted before court relief is sought." 114 Ariz. at 94, 559 P.2d at 214.

█ Aside from this administrative review policy, in civil litigation such matters as estoppel and *res judicata* are affirmative defenses which must be pled specifically. Rule 8(d), Arizona Rules of Civil Procedure. Failure to plead such affirmative defenses results in waiver of the defense. *City of Phoenix v. Linsenmeyer*, 86 Ariz. 328, 346 P.2d 140 (1959). While the Rules of Civil Procedure do not apply to Industrial Commission proceedings, the rationale for the requirement that such issues be raised before the fact finding tribunal or be deemed waived are equally applicable to both proceedings—to avoid surprise and to enable the fact finder to focus upon the evidentiary issues presented. *See Cotton v. Industrial Commission*, 26 Ariz.App. 58, 546 P.2d 35 (1976).

We therefore hold, based both upon principles of exhaustion of administrative remedies and waiver of affirmative defenses, that this court is precluded from considering on review Employers Mutual's contentions regarding estoppel and *res judicata*.

█ The question of the lack of jurisdiction of the hearing officer to proceed with this claim while the Argonaut claim was being processed is another matter. Normally, jurisdiction of the subject matter may be raised at any time, including for the first time on appeal. *Hughes v. Industrial Commission*, 69 Ariz. 193, 211 P.2d 463 (1949).

We will therefore consider on this review the legal effect of the Argonaut proceedings, insofar as it affects the jurisdiction of the hearing officer to proceed with the present claim. Employers Mutual cites two cases for the proposition that the hearing officer lost subject matter jurisdiction of the present claim pending determination on appellate review of the Argonaut claim: *Continental Casualty Co. v. Industrial Commission*, 111 Ariz. 291, 528 P.2d 817 (1974) and *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974). We do not believe these cases to be dispositive of the issue. The jurisdictional defect alleged in these cases and others, *see, e. g., Terrell v. Industrial Commission*, 21 Ariz.App. 139, 517 P.2d 97 (1974), arose out of the various administrative steps taken in processing a single claim or the reopening of a single claim. Here we are dealing with two claims, that is, the reopening of a 1973 injury claim which was the financial responsibility of Argonaut and the processing of a new claim allegedly arising out of a new injury occurring in 1976, the financial responsibility of which is Employers Mutual's. Admittedly, the same factual issue was subjected to judicial scrutiny in both proceedings. However, this does not preclude the commission from entertaining original jurisdiction to administratively process both claims simultaneously. *Compare* A.R.S. § 23–908 *with* A.R.S. § 23–1061(H).

Because of this duality of jurisdiction, this court on several occasions has suggested that where there is any question whether a present physical condition is causally related to a prior industrial injury or is the result of an intervening industrial incident which might be considered a new injury, the claimant should file both a petition to reopen the prior claim and a new claim and seek consolidation of the two before the Industrial Commission. *Cotton v. Industrial Commission, supra; Young v. Industrial Commission*, 19 Ariz.App. 304, 506 P.2d 1089 (1973).

The fact that the administrative processing of one claim proceeds at a faster rate

and thus reaches the appellate court while the other is still subject to administrative proceedings should not divest the commission from proceeding in that matter over which it is properly exercising jurisdiction. At this juncture it is important to keep in mind that it is not the subject matter of the two claims which causes a judicial conflict, it is only the factual issue in both which potentially could give rise to conflicting rulings. Thus, we view this problem not as a subject matter jurisdictional issue, but rather as one of comity, that is, the orderly judicial administration of two potentially conflicting factual resolutions. For this reason, if it had been brought to the hearing officer's attention during the hearing of the Employers Mutual claim that the same factual issue was being resolved on review, the hearing officer should have abstained from proceeding further pending that review. However, the hearing officer was never asked to exercise his discretion and therefore he properly proceeded.

In summary, we find that where two separate claims have been filed before the commission, one of which is on judicial review, the commission retains jurisdiction to process the other, but should refrain from doing so if the judicial review will resolve the factual issue in the second.

From what we have said, considering the limited scope of our review, we must of necessity affirm this award. In doing so, we are completely aware that the result is that two diametrically opposed awards are allowed to stand, that is, two insurance carriers are now liable for the same present physical condition of the claimant. It is also our understanding that both carriers have refused payment, each pointing to the other's liability.

Realizing that this court in workmen's compensation proceedings cannot direct the commission to take any action, we suggest that under a proper A.R.S. § 23–1061(J) consolidated proceeding in which both carriers are parties, the hearing officer will be in a position to make a binding determination as to the respective rights and obligations of the parties.

Award affirmed.

HAIRE, P. J., and WREN, J., concur.