NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

675 P.2d 1387

**MAGMA COPPER COMPANY and Old Republic Companies, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Israel R. Vargas, Respondent Employee.**

**No. 1 CA–IC 2596.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 30, 1982.

Rehearing Denied Jan. 14, 1983.

Review Granted March 1, 1983.

James A. Overholt, Acting Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Jerome & Gibson, P.C. by Don A. Fendon, Phoenix, for respondent employee.

## OPINION

BROOKS, Judge.

Two issues are presented by the petitioner-employer in this special action review of an award by the respondent Commission in a workmen's compensation proceeding:

1. Did respondent employee *forthwith* report the accident and injury resulting therefrom to his employer as required by A.R.S. § 23–908 (Supp.1982)?

2. Was there sufficient evidence from which the administrative law judge could find that respondent had sustained an industrial injury?

Considered in a light most favorable to sustaining the Industrial Commission's award, *Home Insurance Company v. Industrial Commission*, 123 Ariz. 348, 599 P.2d 801 (1979), the relevant facts are as follows:

Respondent was employed as an underground miner at the Magma Copper Company in San Manuel, Arizona. On January 30, 1980, respondent was assigned to work 2,675 feet below ground level in a "stub drift" which was a tunnel approximately twenty to twenty-five feet in length, ten feet high and ten feet wide. Three sponge pumps, a fan and a mucking machine were operating in the drift. Respondent and a co-employee stated that these machines created considerable noise which was very "irritating." After the completion of his shift, respondent suffered from an irritation and ringing in his ears.

The next day respondent experienced severe dizziness and consulted his family physician, Dr. Gerald Griesemer who administered treatment for what he diagnosed to be nasal congestion and a middle ear infection. When the condition failed to improve, Dr. Griesemer referred respondent to Dr. Joseph M. Small, an osteopathic physician certified in otolaryngology.

Twitty, Sievwright & Mills by N. Douglas Grimwood, Phoenix, for petitioners.

Dr. Small examined respondent on February 21, 1980 and told him that one of his inner ear tubes was ruptured and that surgery would be necessary in order to remedy the situation. Respondent testified that he was informed by Dr. Small "near the middle of February" that his ear problems were related to his employment.

Dr. Small thereafter performed surgery and when respondent's condition did not substantially improve, he was referred to Dr. Stanley Coulthard, chief of otolaryngology at the University of Arizona Medical Center. Dr. Coulthard examined respondent on March 27, 1980, and concluded that respondent was suffering from an acoustic trauma to his inner ear which was job-related.

Respondent did not return to work after his ear problems began. On February 12, 1980, he submitted a "weekly indemnity plan claim form" to his employer which stated that he was totally disabled as of January 31, 1980 and that his claim was *not* the result of an accident and was *not* the result of a work related illness or injury. Dr. Griesemer also signed the form and indicated that the injury did not arise out of respondent's employment. From February 1, 1980 until July, 1980, respondent received weekly indemnity from his employer pursuant to a wage substitution plan which was provided for disabled employees who suffered from non-work related injuries or illnesses under the then existing union contract. Respondent filled out an indemnity claim form every two weeks until July, 1980, indicating on each form that the claim was *not* the result of a work related illness or injury. The weekly indemnity payments were terminated in July, 1980 due to the expiration of the agreement between respondent's union and the petitioner-employer and the subsequent strike by employees.

On July 8, 1980, respondent submitted a workmen's report of injury to the Industrial Commission, indicating that he had sustained an industrial injury to both ears on January 30, 1980. On July 17, 1980, the carrier filed a notice of claim status denying benefits for the reason that there was "[i]nsufficient evidence to establish a compensable claim...."

Hearings were held on December 9, 1980, January 20, 1981 and February 11, 1981. On February 24, 1981, the administrative law judge filed his decision which found that respondent suffered an industrial injury due to exposure to loud noise and granted respondent temporary total and/or temporary partial disability benefits together with medical benefits.

Petitioner filed a request for review on March 26, 1981, alleging that the administrative law judge's decision was not supported by the evidence and that respondent "failed to notify the employer [of his industrial injury] 'forthwith' as required by A.R.S. § 23–1061." In his response to the request for review, respondent correctly noted that A.R.S. § 23–1061(A) refers only to the requirement that a claim for compensation be filed with the commission within one year after the injury occurred and that his claim was filed within this time period.

By reason of the fact that the administrative law judge who filed the decision upon hearing had resigned, a different administrative law judge entered a decision, upon review, finding that the decision upon hearing was supported by the evidence. The award was affirmed.

On review to this Court, petitioner cites A.R.S. § 23–908(D) in support of his argument that petitioner failed to "forthwith" report the accident to his employer. A.R.S. § 23–908(D) (Supp.1982) provides:

When an accident occurs to an employee, the employee *shall forthwith* report the accident and the injury resulting therefrom to the employer, and any physician employed by the injured employee shall forthwith report the accident and the injury resulting therefrom to the employer, the insurance carrier and to the commission. (emphasis added).

A.R.S. § 23–908(E) (Supp.1982) provides in relevant part:

If the accident is not reported by the employee or his physician forthwith ...

no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them.

Petitioner points out that respondent testified that Dr. Small informed him near "the middle of February" that his ear problems were related to his employment. Petitioner argues that respondent not only failed to report this condition "forthwith" to his employer, but he actively concealed it by filing periodic indemnity claim forms until July alleging that his injury was *not* industrially related.

Respondent argues that he complied with A.R.S. § 23–1061(A) by filing his claim within one year from the date of injury. A.R.S. § 23–1061(A) (Supp.1982) provides in pertinent part:

Notwithstanding the provisions of subsection D of § 23–908, no claim for compensation shall be valid or enforceable unless the claim is filed with the commission by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, in writing within one year after the injury occurred or the right thereto accrued.

The only argument which respondent makes in response to petitioner's reliance on A.R.S. § 23–908(D) is that respondent could not have known the nature of his disability or its relationship to his employment prior to the time that Dr. Coulthard had treated him for an extended period of time beginning in late March, 1980. Respondent has not contended that petitioner has in any way waived its right to rely on A.R.S. § 23–908(D) by not having cited that particular statute to the administrative law judge.

■ Initially, we note that the period for notice of injury must be distinguished from the period for claiming compensation. Professor Larson distinguishes these two types of notice as follows:

Under most acts, there are two distinct limitations periods that must be observed: The period for notice of injury, and the period for claiming compensation.

Notice of injury—the first step in compensation procedure—is normally given to the employer. The period is comparatively short; it may be "forthwith," or "as soon as practicable," or a specified period of a few weeks or months. The purpose is dual: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury.

The compensation claim itself, however, is normally filed with the administrative agency. The period is usually one or two years. The purpose is the same as that of any limitations statute: to protect the employer against claims too old to be successfully investigated and defended.

3 Larson, *The Law of Workmen's Compensation*, § 78.20 (1976).

Professor Larson notes that there is a general provision in many acts that want of timely notice of injury shall not be a defense unless it results in prejudice to the employer. He observes that lack of prejudice may be established by showing that the claimant's inability to provide early diagnosis and treatment and by further showing that the employer was not hampered in making his investigation and preparing his case. *Id.* § 78.32.

Although A.R.S. § 23–908 does not specifically state that lack of prejudice is a defense to a want of timely notice of injury, A.R.S. § 23–908(E) provides that the commission may relieve the claimant from loss of compensation if it believes the circumstances are such as to have excused the failure to forthwith report the injury. Our Supreme Court has held that lack of prejudice to the employer is a relevant fac-

tor in determining whether a claimant may be relieved of his failure to forthwith report the injury. *Consolidated Vultee Aircraft Corporation v. Smith*, 63 Ariz. 331, 162 P.2d 425 (1945) (citing *Massachusetts Bonding & Insurance Co. v. Arizona Concrete Co.*, 47 Ariz. 420, 56 P.2d 188 (1936)).

Our review of the record reveals that the administrative law judge did not, either expressly or by inference, make a finding regarding excuse or lack of prejudice which would satisfy A.R.S. § 23–908(E). With regard to this subject, Professor Larson has stated:

> Once the record shows that the required notice has not been given, the fatal effect of this showing must be offset by definite findings showing the kind of excuse or lack of prejudice that will satisfy the statute. The Commission cannot remain silent on the issue of excuse or prejudice and leave appellate courts to infer that some excuse must have been found. Moreover, the subsidiary findings of fact and evidence supporting the finding on lack of prejudice should be set forth, since this finding, like any other finding of fact, must be supported by some evidence.

3 Larson, *supra*, § 78.32.

In the cases where the Arizona appellate courts have reviewed questions of whether there was forthwith notice of injury, the hearing officer had made a specific finding that there was an excuse for failure to give notice or a non-prejudicial result to the employer. *See, Consolidated Vultee Aircraft Corporation v. Smith*, 63 Ariz. 331, 162 P.2d 425 (1945); *Paramount Pictures v. Industrial Commission*, 56 Ariz. 217, 106 P.2d 1024 (1940); *Maryland Casualty Co. v. Industrial Commission*, 33 Ariz. 490, 266 P. 11 (1928); *International Metal Products v. Industrial Commission*, 7 Ariz.App. 157, 436 P.2d 935 (1968). The appellate courts were thus in a position to determine whether the hearing officer's finding was supported by the evidence.

In *Maryland Casualty Co.*, our Supreme Court, in reviewing a prior version of A.R.S. § 23–908(D), stated that "[w]e are satisfied that a delay of three months is not 'forthwith'." 33 Ariz. at 493, 266 P.2d at 12. The hearing officer had made a specific finding of justifiable excuse, however, and the Court held that there was no abuse of discretion in this finding.

In the present case, there was a delay of over five months from the date of the injury until the injury was reported to the employer and the Industrial Commission. Assuming that respondent did not know that his disability was causally related to his employment until late March, 1980, he still waited over three months before reporting the injury to his employer and the commission. We note that petitioner continued to collect his weekly wage compensation benefits during this period of time.

■ We find that a very substantial question is present with respect to whether "forthwith" notice of injury as required by A.R.S. § 23–908(D) was given in this case. Since there was no finding by the administrative law judge either with reference to respondent-employee's reasons for having failed to give such notice or with regard to the presence or absence of resulting prejudice to petitioner, this Court cannot infer that a justifiable excuse or lack of prejudice has been found. Accordingly, we hold that the award must be set aside.

■ We note that there is an arguable question as to whether petitioner waived its right to rely on A.R.S. § 23–908 by not citing that specific statute to the administrative law judge. Respondent presents no argument concerning this question. Therefore, we treat it as waived. *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977); *Minton v. Industrial Commission*, 90 Ariz. 254, 367 P.2d 274 (1961); *EFC Development Corporation v. F.F. Baugh Plumbing & Heating Inc.*, 24 Ariz.App. 566, 540 P.2d 185 (1975).

Since we find that the award must be set aside, we do not reach the issue of whether there was sufficient evidence of an industrial injury.

Award set aside.

JACOBSON, P.J., and CONTRERAS, J., concur.