FELDMAN, Justice.
Israel Vargas (claimant) filed a claim for benefits under the Workmen’s Compensation Act. The employer, Magma Copper Company, and the carrier, Old Republic Companies, denied the claim. After a hearing before an administrative law judge, an award was made granting temporary disability and medical benefits. The employer and carrier requested administrative review. When the award was affirmed on administrative review, the employer and carrier sought review by special action in the court of appeals. That court vacated the award, Magma Copper Company, et al. v. Industrial Commission, 138 Ariz. 568, 675 P.2d 1387 (App.1982); claimant then petitioned this court for review. We have jurisdiction pursuant to Ariz. Const, art. 6, § 5, and Ariz.R.Civ.App.P., Rule 23, 17A A.R.S. We granted review because the case presents an important procedural point regarding the employer’s duty to raise in a workmen’s compensation case what would be described as an affirmative defense in an ordinary civil action.
The basic problem arises from the requirement that an employee report an accident and resulting injury “forthwith” to his or her employer. A.R.S. § 23-908(D).[1] The question here concerns the time when and the manner in which the employer or carrier must raise the defense that the accident and injury were not timely reported. We hold that the issue must be raised at a point in the proceedings which will give the claimant an opportunity to present whatever evidence may be available to establish the “excuses” recognized by law for failure to make a timely report.
FACTS
Claimant was employed as an underground miner for nine years by Magma Copper Company in San Manuel, Arizona. On January 30,1980, claimant was working in a stub drift or tunnel, 2,675 feet below ground. The tunnel was approximately 20 to 25 feet long, 10 feet wide and 10 feet high. Three sponge pumps were working to pump water out of the area, and a large, pneumatically operated fan brought fresh air into the work area. Claimant was operating a mucking machine. The combination of these machines made a considerable noise in the confined area. By the end of his work shift, claimant was suffering both irritation and ringing in his ears.
The next morning, claimant became very dizzy when he tried to get up. He returned to bed and consulted his family physician, Dr. Griesemer, who diagnosed nasal congestion and an inner ear infection. After two weeks, when the condition did not improve with treatment, the doctor referred claimant to Dr. Small, an otolaryngologist. Dr. Small examined claimant on February 21, 1980, and told him that one of the tubes in his inner ear was ruptured and that surgery was necessary. Claimant testified that Dr. Small told him that his ear condition was related to his employment.
Dr. Small performed the surgery, but claimant’s condition did not improve substantially. Dr. Small then referred claimant to Dr. Coulthard, chief of otolaryngology at the University of Arizona Medical Center. After examining claimant on March 27, 1980, Dr. Coulthard concluded *42 that the condition was job-related, acoustic trauma to the inner ear.
Due to the severity of the ear problem, claimant did not return to work after completing his shift on January 30, 1980. From that time until July 1980, while continually under medical treatment, claimant received weekly indemnity coverage from his employer under a wage substitution plan required by the union contract to provide disability payments for employees who suffered non-work related injuries or illnesses. In order to receive benefits, claimant had to submit claim forms every two weeks. These forms were to be completed by both the employee and the physician. The form required both claimant and the doctor to indicate whether the injury was work related. The first form was submitted by the claimant before he was informed that the injury was work related. Dr. Griesemer completed the physician’s section of the claim form throughout the period. On each form which was filed, both claimant and his doctor indicated that the condition was not causally related to employment. In July of 1980, when the union’s contract expired and it went on strike, the weekly indemnity payments were terminated.
On July 8, 1980, claimant submitted the workmen’s report of injury which is required by A.R.S. § 23-908(D). On this form, claimant stated that he had sustained an industrial injury to both ears on January 30, 1980. On July 15, the carrier filed a notice of claim status, denying benefits. Failure to report the accident “forthwith” was not listed as a reason for denial. Although no reason is required to be given for denial,[2] one was given here; it was “[¡Insufficient evidence to establish a compensable claim....”
Claimant then requested a hearing. The administrative law judge convened the hearing on December 9, 1980, explicitly addressing “[t]he sole issue to be resolved ... [as] the compensability of the alleged injury.” (Emphasis supplied.) The employer and carrier made no correction or addition, and did not explicitly raise the timeliness of the report. The hearing was adjourned at the end of the first day and continued on two additional days. Both sides presented evidence on whether the problem with claimant’s ears was the result of an injury sustained during the course of his employment. After both sides rested, the administrative law judge resolved this “sole issue” in favor of claimant, finding that the damage to his ears was the result of an injury arising out of and in the course of his employment through exposure to harmful levels of noise/sound pressure (Findings 23 and 24). Accordingly, claimant was awarded benefits. The award was to be offset by the amounts claimant had received in payments from the employer’s general health insurance policy.
The employer and carrier sought administrative review on two grounds. First, they alleged that the award was not supported by the evidence, addressing the factual issues of the causal connection between the injury and claimant’s employment. Second, the employer and carrier stated that claimant “failed to notify the employer ‘forthwith’ as required by A.R.S. § 23-1061.”[3] Claimant responded that he *43 had complied with A.R.S. § 23-1061(A) by filing his claim within one year from the date of the injury.
Since the administrative law judge who presided at the hearings had resigned, the review was performed by a different judge. He found that the award was supported by the evidence and affirmed. He made no evidentiary findings with respect to A.R.S. § 23-1061, no doubt because the record showed full compliance with that statute. The administrative law judge also made no findings with respect to A.R.S. § 23-908, presumably because that statute was not cited at the hearings or in the Request for Review.
The employer and carrier then sought review by special action in the court of appeals, for the first time citing the correct statute, A.R.S. § 23-908(D), and alleging that claimant had failed to report the accident “forthwith.” The issues presented to the court of appeals by the carrier were: (1) Did employee forthwith report the accident and injury resulting therefrom to his employer as required by A.R.S. § 23-908?, (2) Was there sufficient evidence from which the administrative law judge could find that employee had sustained an industrial injury? The court of appeals set the award aside because of the absence of findings on claimant’s failure to comply with the reporting requirements of § 23-908. Because of its resolution of the first question, the court of appeals did not reach the issue of sufficiency of the evidence.
THE NATURE OF THE REPORTING REQUIREMENT
The periods for reporting injury and for filing a claim for compensation are distinct. Professor Larson distinguishes these two periods as follows:
Under most acts, there are two distinct limitations periods that must be observed: The period for notice of injury, and the period for claiming compensation.
Notice of injury — the first step in compensation procedure — is normally given to the employer. The period is comparatively short; it may be “forthwith,” or “as soon as practicable,” or a specified period of a few weeks or months. The purpose is dual: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury.
The compensation claim itself, however, is normally filed with the administrative agency. The period is usually one or two years. The purpose is the same as that of any limitations statute: to protect the employer against claims too old to be successfully investigated and defended.
3 A. Larson, The Law of Workmen’s Compensation § 78.10 (1983).
Professor Larson notes that there is a general provision in many acts that want of timely notice of injury shall not be a defense unless it results in prejudice to the employer. He observes that lack of prejudice may be established by showing that the claimant’s injury was not aggravated by the employer’s inability to provide early diagnosis and treatment, and, further, by showing that the employer was not hampered in making his investigation and preparing his case. Id., § 78.32(b).
A.R.S. § 23-908 does not specifically state that lack of prejudice is a defense to a want of timely notice of injury; however, A.R.S. § 23-908(E) provides that the commission may relieve the claimant from loss or forfeiture of compensation if it believes the circumstances are such as to have “excused” the failure to forthwith report the injury.[4] This court has held that *44 lack of prejudice to the employer is a relevant factor in determining whether a claimant may be excused from his failure to report forthwith. Consolidated Vultee Aircraft Corporation v. Smith, 63 Ariz. 331, 162 P.2d 425 (1945) (citing Massachusetts Bonding & Insurance Co. v. Arizona Concrete Co., 47 Ariz. 420, 56 P.2d 188 (1936)). In cases such as this, where the claimant may not have immediately understood the causal connection between his employment and his physical or mental disability, lack of forthwith notice may be found justifiable and thus excused. See, e.g., Consolidated Vultee Aircraft Corporation v. Smith, supra.
 Thus, delay in reporting the injury does not necessarily mean that the claim is barred. Of course, where the employer raises the issue that the required notice has not been given, the law requires that the hearing officer consider the reason for late filing and the evidence of “excuse” that may satisfy the statute and case law. 3 Larson, supra, § 78.32(e). In the case at bench, the court of appeals pointed out that the administrative law judge had made no such findings, noted that a substantial question existed with regard to whether forthwith notice had been given and set aside the award, since the court could not itself “infer that a justifiable excuse or lack of prejudice has been found.” Magma Copper Company, et al. v. Industrial Commission, 138 Ariz. at 572, 675 P.2d at 1391.
We would agree with the court of appeals that if the question of forthwith reporting was properly raised, the Commission would have been required to make findngs on the issue, and in the absence of such findings, the award would have to be set aside. We must inquire, then, whether the issue was raised or waived.
WAIVER OF REPORTING REQUIREMENT
As noted above, the statute expressly recognizes that the Commission may excuse noncompliance with the reporting requirement. Since the Commission has the power to adjudicate the claim notwithstanding the failure to comply with the reporting requirement, that requirement is not jurisdictional. See Stange Co. v. Industrial Commission, 120 Ariz. 241, 244, 585 P.2d 261, 264 (App.1978). It is the general rule that nonjurisdictional defenses such as the statutory bars of noncompliance with the notice or claim filing requirements may be waived; such a waiver may be accomplished either by the payment of compensation, by admission of liability, or through a procedural waiver — such as failure to raise the defense promptly. 3 Larson, supra, §§ 78.00 and 78.72.
We have followed this view with regard to other time limitations. The statute of limitations defense based upon A.R.S. § 23-1061 has been held to be non-jurisdictional and subject to waiver if not raised promptly. Nelson v. Industrial Commission, 134 Ariz. 369, 656 P.2d 1230 (1982) (reh’g denied 1983); Van Horn v. Industrial Commission (Van Horn II), 111 Ariz. 237, 239, 527 P.2d 282, 284 (1974); Priedigkeit v. Industrial Commission, 20 Ariz.App. 594, 514 P.2d 1045 (1973). We recognize that A.R.S. § 23-1061 contains an express requirement that the defense of failure to file a claim be raised at the hearing, while no such requirement is set forth in A.R.S. § 23-908(D), pertaining to the defense of failure to report forthwith. However, Arizona law has recognized for some time that even in the absence of a statutory mandate, nonjurisdictional defenses and bars may be waived if not raised at the appropriate point in the proceedings. This recognition includes the principle that defenses such as res judicata and estoppel not raised before the Commission have been waived and may not be raised for the first time on appeal. Hughes Aircraft Company v. Industrial Commission, 125 Ariz. 1, 606 P.2d 819 (App.1979). Arizona courts have also recognized the *45 principle that the failure to file a timely request for hearing under A.R.S. § 23-947 is nonjurisdictional and that, therefore, the defense of noncompliance with that requirement may be waived if not timely raised. Stange Company v. Industrial Commission, 120 Ariz. at 243, 585 P.2d at 264, citing Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972).
The carrier argues that Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), holds that failure to report creates a jurisdictional defect which may not be waived. We do not agree. Collins’ holding on jurisdiction was made with respect to the claim filing provisions of A.R.S. § 23-1061(D). After Collins, the legislature made several modifications in the statute. In Nelson v. Industrial Commission, supra, we reviewed the history of the defense of failure to file a claim, and concluded that noncompliance with claim filing was not jurisdictional and was an affirmative defense. Id. 134 Ariz. at 374, 656 P.2d at 1235. Thus, Collins is of little value as precedent with respect to the problem of failure to file a claim in a timely fashion. It never held that failure to report was a jurisdictional problem.
The carrier further argues that cases such as Van Horn II and Nelson v. Industrial Commission, supra, which hold that noncompliance with the claim filing requirement is a nonjurisdictional defense, may be distinguished because the legislature has provided in the claim filing statute that the defense must be raised at the hearing, while it has not so provided with respect to the reporting requirement. We think the argument incorrect. Van Horn II and Nelson do not rely solely upon the statutory requirement that the defense be raised. See Nelson, 134 Ariz. at 374 n. 2, 656 P.2d at 1235 n. 2. It is not the statutory requirement that the defensive matter must be raised that makes a particular defense jurisdictional. A defense is nonjurisdictional where the court has power to adjudicate a claim even though the defense be factually established. The reporting statute always gave the Commission the right and power to excuse the failure to report forthwith and to proceed to adjudicate the claim.
Noncompliance with the filing date for claims, basically a statute of limitations, and noncompliance with the requirement for timely requesting a hearing, which raises issues of finality or res judicata, are more serious examples of noncompliance than is breach of the reporting requirement. In view of the statutory provision giving the Commission power to excuse nonconformance, the general law and our own cases, we conclude that the employer and carrier may waive the defense that the claimant failed to report his injury “forthwith” as required by A.R.S. § 23-908, so that a procedural waiver exists when that defense is not raised in a timely fashion. We proceed, therefore, to consider the appropriate point at which the defense must be raised.
TIMELINESS
Since noncompliance with the reporting requirement may be “excused” under the circumstances of the particular case, it is obvious that the issue of “excuse” will be a question of fact or, at most, a mixed question of fact and law, so that evidence will ordinarily need to be taken. Common sense tells us, therefore, that the issue must be raised at a time when it is possible for the parties to present such evidence.
The forthwith reporting issue is in the nature of an affirmative defense. See Stange Company v. Industrial Commission, supra. Under Rule 8(d), Ariz.R. Civ.P., 16 A.R.S., affirmative defenses must be raised in the answer. However, the Rules of Civil Procedure are not applicable to Industrial Commission proceedings (id., Rule 1) and, in fact, there is no requirement that an “answer” be filed in industrial proceedings. Our court of appeals has considered this problem, and has stated as follows:
Aside from ... administrative review policy, in civil litigation such matters as *46 estoppel and res judicata are affirmative defenses which must be pled specifically. Rule 8(d), Arizona Rules of Civil Procedure. Failure to plead such affirmative defenses results in waiver of the defense ---- While the Rules of Civil Procedure do not apply to Industrial Commission proceedings, the rationale for the requirement that such issues be raised before the fact finding tribunal or be deemed waived are equally applicable to both proceedings — to avoid surprise and to enable the fact finder to focus upon the evidentiary issues presented.
Hughes Aircraft Company v. Industrial Commission, 125 Ariz. at 4, 606 P.2d at 823.
This same question was discussed by the North Carolina Supreme Court. The court held that the employee’s failure to comply with the reporting requirement was waived by the employer’s failure to raise the defense before the compensation board:
Had appellees squarely presented the issue of notice at the hearing before the Commission, it could have conducted an inquiry in accordance with [the statute] to determine whether or not [the employer] was prejudiced by the lack of notice. To allow an employer to raise the issue for the first time on appeal deprives the claimants of the benefit of that determination and could easily lead to a denial of compensation in a case where the facts would justify a finding of no prejudice. We hold ... that appellees waived the issue of notice by failing to raise it at the hearing before the Industrial Commission.
Booker v. Duke Medical Center, 297 N.C. 458, 256 S.E.2d 189, 204 (1979).
We hold, therefore, that the defense of noncompliance with the reporting requirement is waived if the employer fails to raise that defense at the hearing before the Commission and at a point where the employee may present factual evidence which will be relevant to the question of “excuse.” The defense comes too late if raised for the first time on appeal. If the defense has been timely raised, findings are required. If it has not, it has been waived and no findings are required. Booker v. Duke Medical Center, supra.
WHAT CONSTITUTES “RAISING THE ISSUE?”
The employer and carrier argue that the issue was raised to the Commission. First, they argue that the Commission’s record showed both the date on which the injury allegedly occurred and the date, some months later, when the report was filed. The essence of this argument is that the Commission could have itself deduced that the claimant did not report his injury forthwith. In many cases where it is clear by the length of time that the injury was not promptly reported there may exist a valid “excuse” for noncompliance (for example, the employee may be so severely injured that he is unable to give notice or may have been unaware of causal connection). The Commission is not obligated to assume that the defense will be pressed in every case where the bare record shows a considerable length of time between injury and report.
The employer and carrier next argue that the issue of failure to report was fully presented to the Commission through the cross-examination of the claimant with regard to filing the report and the testimony of Magma’s personnel manager, Robert Skiba, on Magma’s policies and procedures requiring prompt reporting of any injury. While such testimony was adduced, its focus was not expressly directed to the reporting issue. It was, of course, relevant to the issue of whether the injury was work-related. Evidence of the initial characterization of the disability as nonindustrial (for receipt of wage substitution benefits) and later reporting of the injury as work-related was logically offered to discredit the claimant and throw doubt on the credibility of his claim that there was a work-related injury. This was the sole issue to which the parties had been directed. We do not believe that the admission of evidence relevant to an issue which has been expressly raised can be taken as rais *47 ing a different issue which has been impliedly excluded by an express limitation of the issues to be heard. Something more definite is required. •
[I]f the issue of failure to give timely notice is not raised until after the evidentiary hearing has been closed, then obviously the claimant will not have had any reason to present and develop evidence relating to this issue, and consequently any decision thereafter rendered by the hearing officer will be based upon a potentially incomplete development of the facts. The validity of this observation is clearly demonstrated by an examination of the record in this particular proceeding. While there was some testimony at the hearing concerning when and how petitioner became aware of the possible relationship of his injury to his employment conditions, it is clear that this testimony was only incidental to the causation question, and was not elicited as bearing upon the question of a timely filing. Consequently, counsel did not “zero in” on the timely filing issue as obviously would have been done had this been considered an issue in the case.
Priedigkeit v. Industrial Commission, 20 Ariz.App. at 598, 514 P.2d at 1049.
An analogous situation is presented under Rule 15(b), Ariz.R.Civ.P., 16 A.R.S. Amendment may be allowed when an issue, though not formally raised, has been tried by implied consent of the parties. However, permitting evidence relevant to an existing issue to be admitted without objection does not constitute “implied consent” to trial of an issue which has not been raised. Bujanda v. Montgomery Ward & Co. Inc., 125 Ariz. 314, 609 P.2d 584 (App.1980). We conclude here that the mere admission of evidence relevant to the question of causal connection — the issue to which the hearing had been limited — did not fully and fairly apprise the claimant or the administrative law judge that the carrier had also raised a defense involving confession and avoidance.
The employer and carrier also argue, however, that the noncompliance with the reporting requirement was fully and fairly raised to the claimant and the hearing officer in the request for administrative review. This brings the question of timeliness into sharp focus. The best rule would be for the employer and carrier to assert defenses which are affirmative in nature prior to the hearing, especially when they issue a notice of claim status which specifies a different reason for denial. However, that is not required by statute, nor do we so require today. There are other methods of raising issues to the Commission and opposing parties. This includes motion practice, provisions for pretrial conferences and the like. See Rules of the Industrial Commission, A.C.C.R. §§ 4-13-103, -135 and -140. In fact, counsel for both claimant and employer/carrier met with the administrative law judge before the commencement of the hearing in the case at bench, thus showing opportunity and mechanism by which the forthwith reporting issue could have been raised. In addition, the hearing in the case at bench was held on three separate days over a two-month period. Notice by letter, pleading or otherwise could have been given at any time during that period. Timely assertion of the defense demands that it be raised at such a time and in such a manner that claimant and hearing officer would be afforded fair notice that the issue has been raised and claimant given an opportunity to produce and present evidence on the question.
Obviously, the time for presentation of evidence is at the hearing before the Commission. We do not agree that the Request for Administrative Review is ordinarily a proper time to raise such an issue. A.R.S. § 23-942 provides that at the conclusion of the hearing the matter shall be submitted for decision, shall be determined by the hearing officer and that an award shall be made. That award “is final when entered unless within 30 days” after notice one of the parties requests administrative review. Id. subsection D. A.R.S. § 23-943 covers the subject of administrative review. Subsection E provides that the review made by *48 the hearing officer “shall be based upon the record” and such memoranda as may, but need not be, submitted with the record for review. The rules promulgated by the Commission provide that decisions upon review shall be made “upon the record as it exists at the conclusion of the final hearing ____” A.C.C.R. R4-13-159. The clear intent of statutes and rules is that “review” is just what the term implies, a legal review of the facts and the law pertaining to the issues tried. It is not the point at which affirmative matters creating new factual issues should be raised.
There may be circumstances under which an issue which is similar to an affirmative defense may be timely raised when mentioned for the first time in the request for review filed after the award by the hearing officer. Our holding today is not to the contrary. However, under the circumstances of this case, where even in the Request for Review the employer/carrier asserted the wrong statute, provided no citation to the reporting statute, and indicated no need to reopen the hearing and take further evidence, we cannot find that the first and incorrect mention of the issue in the request for administrative review after award was timely.
The carrier next argues that the issue of failure to report forthwith was raised by its allegation that there was “insufficient evidence of a compensable claim” in the Notice of Claim Status form. It reasons that since A.R.S. § 23-908(E) provides that if the injured employee fails to comply with the reporting requirement “no compensation shall be paid for the injury,” the use of the words “insufficient evidence of a compensable claim” raises the issue of failure to report. The argument is unpersuasive. Failure to report is an act which forfeits (a word used in the statute, supra at 7) the right to compensation notwithstanding evidence that the claim is compensable. We do not believe that a denial of sufficient evidence to establish a compensable claim fairly raises the issue of forfeiture for failure to report, any more than a denial that plaintiff has asserted a cause of action in ordinary litigation raises a statute of limitations defense. We note that when formulating issues for its brief the carrier was able to clearly state separate issues— lack of causal relation and failure to comply with the reporting requirement. Mention of the latter issue in just such words would have been all that was required at the hearing. Failure to use those words at any time until after an award-had been made was a waiver of the issue despite the subtle arguments subsequently advanced by resourceful counsel.
The court of appeals briefly notes “an arguable question” as to whether the carrier waived its right to rely on the employee’s failure to comply with A.R.S. § 23-908 by not citing that specific statute to the administrative law judge. Magma Copper Company, et al. v. Industrial Commission, supra 138 Ariz. at 572, 675 P.2d at 1391. We do not agree with this view of the problem. Waiver by the carrier is not based on the unimportant mistake of failing to cite the statute by its correct number. It is based, rather, upon the failure to raise the issue when the employer/carrier expressly directed the hearing toward a different issue, the failure to mention the affirmative defense during preparation for the hearing or at the conference which preceded the hearing, the failure to make any objection to the hearing officer’s statement which explicitly limited the hearing to a different issue, and the failure to squarely raise or even mention the defense in any way during a hearing which continued on three different days over a two-month period. The incorrect citation of the statute in the request for administrative review after award was not the key to the waiver; it was merely an act which we consider insufficient to save the employer/carrier from the waiver which had already occurred.
Thus, under the circumstances of this case, we do not consider waiver to be “an arguable question.” The compensation law requires the worker to give up valuable common law rights, and, in consideration, the law seeks to relieve and protect “such *49 workmen, their widows, children or dependents ... from the burdens, expensive and litigious remedies” for injury or death. Art. 18, § 8, Arizona Constitution. With that principle in mind, we hold simply that where the employer or carrier intends to raise a defense which is affirmative in nature and which is either factual or a mixed question of fact or law, the employer/carrier must give the worker some notice, formal or informal, of such an intent at a time which will enable the worker to produce any evidence which he or she might have on that issue. Any other rule will result in creating a trap for the unwary, a situation wasteful of judicial resources and contrary to the constitutional purpose cited above.
EMPLOYEE’S FAILURE TO ARGUE WAIVER ISSUE ON APPEAL
In discussing the “arguable” question of whether the carrier had waived the defense of noncompliance with the reporting statute, the court of appeals stated that the claimant “presents no argument regarding this question. Therefore, we treat it as waived.” Magma Copper Company, et al. v. Industrial Commission, 138 Ariz. at 572, 675 P.2d at 1391.
We disagree with the court of appeals’ conclusion that by offering no argument claimant can waive the employer/carrier’s failure to raise the reporting defense in a timely fashion. While the employer/carrier may waive its right to defend on the ground that claimant failed to report the accident, claimant, is without power to waive the legal principle that the findings of the administrative law judge and the Commission’s award must be affirmed if supported by any reasonable theory of the evidence. Phelps Dodge Corporation, Morenci Branch v. Industrial Commission, 90 Ariz. 379, 385, 368 P.2d 450, 454-55 (1962). This doctrine describes a duty incumbent upon the court of appeals and this court. Generally, as a matter of hornbook law, whether or not a party urges the proper legal argument, the action of an inferior tribunal will be sustained where it is legally correct. 5 Am.Jur.2d, Appeal & Error § 698. That principle is particularly applicable here. In one of the first cases in which this court was asked to construe the Workmen's Compensation Act, Justice Lockwood stated as follows:
Nothing could be more calculated to defeat a correct and speedy application of its principles than to allow an appellant to raise in the courts issues which the Commission had no opportunity of passing on. We therefore hold that this court will not ... review or consider any matter which was not fairly presented to the Commission for its determination.
Federal Mutual Liability Insurance Company v. Industrial Commission, 31 Ariz. 224, 230, 252 P. 512, 513 (1926).
We hold, therefore, that the defense of failure to report forthwith is not jurisdictional, that it can be waived, and that it was waived in the case at bench. Since the court of appeals did not reach the question of the sufficiency of the evidence to support the findings of the administrative law judge, we have reviewed the record. After so doing, we find that there was sufficient medical evidence to support the finding of causal connection. The record contains evidence from a qualified otolaryngologist who testified that claimant’s ear problems were caused by acoustic trauma related to the noise levels at work. While there was evidence to the contrary, we are bound to support the Commission’s findings of causal connection unless that conclusion cannot be supported on any reasonable theory of the evidence. Perry v. Industrial Commission, 112 Ariz. 397, 542 P.2d 1096 (1975).
The opinion of the court of appeals is vacated; the award of the Commission is affirmed.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

. A.R.S. § 23-908(D) provides:
When an accident occurs to an employee, the employee shall forthwith report the accident and the injury resulting therefrom to the employer, and any physician employed by the injured employee shall forthwith report the accident and the injury resulting therefrom to the employer, the insurance carrier and to the commission.

. "Notice of Claim Status” is required by Commission rule (A.C.R.R. R4-13-118). The form approved by the Commission for Notice of Claim Status (1CA 040104 73) contains a series of eleven boxes which may be checked by the carrier. The approved form was used here; it contained boxes by which the carrier could indicate denial of benefits (box #2, which was checked here) and could state reasons for such denial. No specific box is provided for untimely notice of claim filing. However box # 11 is for "other" reasons. In the space provided after the word “other,” the carrier inserted the following: "Insufficient evidence to establish ____” No mention of failure to report was made. A copy of the form is to be sent to the Industrial Commission. The form contains a column on the right for Industrial Commission use so the records of the Commission will contain the issues, if any, between the parties.

. The carrier invoked the incorrect statute. A.R.S. § 23-1061 does not cover the duty to report injury forthwith. It does require that claims be filed within one year from date of injury. It reads:
A. ... [N]o claim for compensation shall be valid or enforceable unless ... filed ... in *43 writing within one year after the injury occurred or the right thereto accrued.

. A.R.S. § 23-908(E) provides in relevant part: If the accident is not reported by the employee or his physician forthwith ... no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that *44 the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them.