NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WANDA SARKILAHTI, *Plaintiff/Appellant*,

*v.*

BRISTOL GROUP L.L.C., *Defendant/Appellee*.

No. 1 CA-CV 18-0255
FILED 2-21-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-001402
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Brian Holohan
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which
Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O N E S**, Judge:

¶1        Wanda Sarkilahti appeals from the trial court's order granting summary judgment in favor of Bristol Group, L.L.C.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In February 2017, Sarkilahti filed a complaint alleging she was injured in a fall after stepping off an elevated edge of a concrete porch that provides ingress and egress to Jim and Lourdes Voutour's mobile home. The complaint alleged both the Voutours, as the owners of the mobile home, and Bristol Group, as the lessor of the mobile home pad, owed a duty to warn their invitees of hazards.[1]

¶3        Bristol Group moved for summary judgment, disputing that it owed Sarkilahti a duty under either the Restatement (Second) of Torts § 356 or its lease to the Voutours.  Sarkilahti opposed the motion, asserting a genuine issue of material fact existed as to whether the Voutours appreciated the risk created by the elevated edge of the concrete porch such that Bristol Group would be relieved of its duty.

¶4        The uncontested evidence produced during summary judgment indicated that the Voutours purchased the mobile home in 2011, four years before Sarkilahti's alleged fall.  At that time, the mobile home was already on the pad and elevated above the ground with the concrete porch attached.

¶5        After briefing and oral argument, the trial court determined that Bristol Group did not owe a duty to Sarkilahti and entered judgment in its favor.  Sarkilahti timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

¶6        To establish a negligence claim, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care, (2) the defendant's breach of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages.  *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007) (citation omitted).  "The first element, whether a duty exists, is a matter of law for the court to decide."  *Id.* (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352,

---

[1]        The Voutours were later voluntarily dismissed from the lawsuit.

356 (1985)). "The existence of duty is a threshold issue that is usually decided by the trial court as a matter of law, subject to our *de novo* review." *Bloxham v. Glock, Inc.*, 203 Ariz. 271, 274, ¶ 6 (App. 2002) (quoting *Republic Nat'l Bank v. Pima Cty.*, 200 Ariz. 199, 202, ¶ 11 (App. 2001)).

¶7        Duty is defined as an "obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Gipson*, 214 Ariz. at 143, ¶ 10 (quoting *Markowitz*, 146 Ariz. at 354). Whether Bristol Group owes Sarkilahti a duty of care is a threshold issue; absent a duty of care, there can be no viable claim for negligence. *Id.* at ¶ 11. Sarkilahti has the burden to show a duty exists. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563, ¶ 2 (2018). Generally, unless a landlord like Bristol Group conceals or fails to disclose a condition that poses an unreasonable risk of physical harm, it is not liable for injuries to third parties that occur on its property once a lessee takes possession. *See Alcombrack v. Ciccarelli*, 238 Ariz. 538, 540, ¶ 7 (App. 2015) (citing *Rendall v. Pioneer Hotel*, 71 Ariz. 10, 15-16 (1950), then *Clarke v. Edging*, 20 Ariz. App. 267, 272-73 (1973), and then Restatement (Second) of Torts § 356 cmt. a (1965)).

¶8        This Court has previously held that a landlord owes a duty of care to inspect the property and to repair or warn tenants of defects. *See Piccola ex rel. Piccola v. Woodall*, 186 Ariz. 307, 312 (App. 1996) (citing *Cummings v. Prater*, 95 Ariz. 20, 25 (1963)). However, the duty to warn or remedy continues only until the tenants have had a "reasonable opportunity to discover the condition and to take precautions" against the hazard. *Id.* (citing Restatement (Second) of Torts § 358(2) (1965)). In *Piccola*, the plaintiff was injured when she fell through a plate glass door at a home owned by the defendant, but leased to non-party tenants. *Id.* at 309. At the time of the accident, the tenants had lived in the house for about two-and-a-half years, and one of the tenants admitted she had suspected the door was not made of safety glass. *Id.* Because the tenants had lived in the home for two-and-a-half years, knew the location of the glass door, and "correctly believed it to be made of non-tempered plate glass," this Court found the tenants had "ample opportunity" to discover the dangerous condition and the landowner was therefore absolved from liability. *Id.* at 312.

¶9        Here, Bristol Group owed a duty of reasonable care to inspect the property and either remedy the alleged defect or warn the Voutours about it. However, pursuant to *Piccola*, Bristol Group's duty to warn or remedy continued only until the tenants had a reasonable opportunity to appreciate the risk posed by the elevated edge. The Voutours lived in their home for approximately four years before Sarkilahti's alleged injury.

Additionally, the Voutours knew the location of the elevated edge, as the porch was used as a means of ingress and egress from the mobile home. No reasonable juror would find that, after four years of living in the mobile home, the Voutours did not have a reasonable opportunity to appreciate the risk of the elevated edge.

¶10    We are not persuaded by Sarkilahti's argument that the Voutours testified they did not actually "appreciate the risk" posed by the allegedly dangerous condition. While it is true that the tenant in *Piccola* admitted she suspected the glass door was not made of safety glass, this Court's decision did not turn on the tenant's actual appreciation of the risk. Rather, *Piccola* turned on whether the tenants had a "reasonable opportunity" to recognize the condition and appreciate the risk. *Id.* It may be possible that James Voutour, a quadriplegic, did not have the opportunity to appreciate the risk, based upon his testimony that he entered and left his home via a wheelchair ramp and never left the porch via the elevated edge in question. However, Lourdes Voutour's affidavit merely stated that she "did not appreciate the hazard posed by the porch." This conclusory statement is insufficient to create a genuine question of fact as to whether she had a reasonable *opportunity* to appreciate the risk.

¶11    Sarkilahti also relies upon comment b to the Restatement (Second) of Torts § 358, and comments b and g to the Restatement (Second) of Property: Landlord and Tenant § 17.1, for the contention that Bristol Group is liable if they should have realized that the Voutours were unlikely to appreciate the risk. *Piccola* expressly rejected this argument, holding that a landowner's duty to warn was extinguished after the tenants had a reasonable opportunity to discover the dangerous condition. 186 Ariz. at 312; *see also* Restatement (Second) of Property, Landlord & Tenant § 17.1 cmt. f (1977) ("[T]he landlord remains liable until the tenant has had a reasonable opportunity to discover and take precautions, except where the landlord actively conceals."). Both parties also analyze Restatement (Third) of Torts § 53, but our supreme court expressly rejected the Restatement (Third) of Torts' duty framework in *Quiroz*. *Quiroz*, 243 Ariz. at 576-579, ¶¶ 74-89. Accordingly, we will not address the Restatement (Third) of Torts.

¶12    For the first time on appeal, Sarkilahti argues that under the Arizona Mobile Home Parks Residential Landlord and Tenant Act (Mobile Home Act), Bristol Group owed a non-delegable duty of care to comply with applicable building and safety codes. Bristol Group argues the issue is waived because it was not made before the trial court. Sarkilahti argues the issue was preserved because her expert's report, attached as Exhibit 19

to her response to Bristol Group's summary judgment motion, references a statute within the Mobile Home Act. We disagree that this passing reference preserved the issue. Sarkilahti failed to develop her argument that a duty is created under the Mobile Home Act in the proceedings before the trial court. Therefore, the argument is waived on appeal. *See Hughes Aircraft Co. v. Indus. Comm'n*, 125 Ariz. 1, 3-4 (App. 1979) (finding a brief mention of an issue to a hearing officer did not preserve the issue on appeal).

¶13 Finally, Sarkilahti argues the trial court's determination that the porch's dangerous condition was "open and obvious" violated Article 18, Section 5, of the Arizona Constitution, which provides: "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." The record does not support Sarkilahti's assertion. The court held that "Bristol Group did not owe a duty to Plaintiff since the condition of the porch was obvious and known to the [Voutours] who had resided at the property for four years." The court did not determine any issue related to contributory negligence or assumption of risk. The reference to the "obvious" condition of the porch only relates to the Voutour's opportunity to discover the condition and remedy the defect. As such, the decision did not violate the Arizona Constitution.

## CONCLUSION

¶14 For the foregoing reasons, we affirm the trial court's order granting summary judgment in Bristol Group's favor.



AMY M. WOOD • Clerk of the Court
FILED: AA